MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendant
SPACE EXPLORATION TECHNOLOGIES CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE HOLLAND-THIELEN, an individual; YAMAN ABDULHAK, an individual; SCOTT BECK, an individual; REBEKAH CLARK, an individual; DEBORAH LAWRENCE, an individual; CLAIRE MALLON, an individual; TOM MOLINE, an individual; and ANDRE NADEAU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A SPACEX, a Texas corporation; and ELON MUSK, an individual,<br><br>Defendants. | Case No.  2:24-cv-06972<br><br>**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendant Space Exploration Technologies Corp. ("SpaceX") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 24STCV14693 in Los Angeles County Superior Court, State of California (the "Action"). The Action may be removed because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

As SpaceX explains in more detail below, the citizenship of a corporation for purposes of diversity jurisdiction is determined by the location of its "nerve center" at the time of filing. The nerve center is not limited to a corporation's headquarters, state of incorporation, or other formalities, but rather is evaluated under a multifactor test to determine "the actual center of direction, control, and coordination" of the business. These factors confirm that SpaceX is a citizen of Texas, therefore, there is complete diversity between SpaceX and Plaintiffs—none of whom are citizens of Texas.

In support of removal, SpaceX respectfully shows as follows:

## I. INTRODUCTION

On June 12, 2024, Plaintiff commenced the Action by filing their Complaint in the Los Angeles County Superior Court, State of California ("State Court").

1. In their contested Complaint, Plaintiffs allege claims for purported harassment, discrimination, retaliation, and failure to prevent the same in violation of the Fair Employment and Housing Act ("FEHA"), whistleblower retaliation in violation of the California Labor Code, wrongful termination in violation of California public policy, and unlawful business practices in violation of the California Business and Professions Code. *See* Complaint ¶¶124-96.

2. SpaceX received service of Plaintiff's Original Petition on July 22, 2024.

3. SpaceX timely filed its Answer, which includes a General Denial, in State Court on August 15, 2024.

## II. GROUNDS FOR REMOVAL

4. Removal is proper because the Action is one over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). Specifically, this Court has original jurisdiction over this civil action because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Accordingly, this matter warrants removal to this Court pursuant to 28 U.S.C. § 1441.

A. **Complete Diversity**

5. A corporation is a citizen of the state of its incorporation and wherever it has its principal place of business. 28 U.S.C § 1332(c).

6. For diversity purposes, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities…, *i.e.,* the "'nerve center.'" *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010).

7. Since the time the Action was filed, SpaceX has been a Texas corporation. *See* Declaration of Lindsay Chapman ("Chapman Decl.") at ¶ 4; *see also* Complaint at ¶12.

8. SpaceX has key officers in Texas who control and coordinate SpaceX's business including Elon Musk, the Chief Executive Officer and Chief Technology Officer ("CEO" and "CTO") and Gwynne Shotwell, the Chief Operating Officer ("COO"). Chapman Decl. at ¶5.

9. Since the filing of the Action, SpaceX's CEO and COO have resided in and directed SpaceX's operations from Texas, which even Plaintiffs assert. Chapman Decl. at ¶5-6.

10. Accordingly, SpaceX's principal place of business is in the State of Texas. *See Evans v. Cardlytics, Inc.*, 701 F. Supp. 3d 1002, 1008–09 (C.D. Cal. 2023) ("To extend *Hertz*'s analogy of the 'nerve center" test, if a corporation's principal place of business is its 'brain,' then the CEO and COO are akin to the prefrontal cortex and hippocampus; *i.e., the parts most responsible for decision-making*.") (emphasis added).

11. Defendant Elon Musk is a resident of Texas. *See* Complaint, ¶13.

12. Plaintiffs are citizens of California and Washington. *See* Complaint, ¶¶4-11.

13. Therefore, complete diversity of citizenship exists between Plaintiffs and SpaceX as of the time of this removal, and has existed since the time the Action was filed. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

B. **Amount in Controversy**

14. In the Complaint, Plaintiffs seek monetary damages and equitable relief, averring that Defendants are responsible for the unlawful conduct they allege. *See* Complaint, at Prayer For Relief ¶¶1, 3, 7, 9.

15. While SpaceX denies any and all liability to Plaintiffs, SpaceX has no doubt that Plaintiffs allege damages in this action exceeding the sum or value of $75,000, exclusive of interest and costs. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*., quoting H.R. Rep. No. 112-10, p. 16 (2011).

16. In determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), courts are to consider the aggregate amount of the claims and value of the claims. *Campbell v. Hartford Life*

*Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy). The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction. *See Banta v. Am. Med. Response Inc.*, No. CV-11-03596 GAF (RZx), 2011 WL 2837642 at *2 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining …to place a specific dollar claim upon its claim" *White v. J.C. Penney Life Ins. Co.* 861 F. Supp 25 (1994)).

17.   "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff[s] would be entitled if [they] prevail[]." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy." *Id.*); *see also Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

18.   Plaintiffs seek, *inter alia*, compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, and any other relief the Court deems equitable. *Id.* ¶¶3-9.

19. While Plaintiffs do not quantify the total amount of damages they seek to recover, Plaintiffs allege that "[a]s a direct and proximate cause of SpaceX's conduct, Plaintiffs have suffered, and continue to suffer, substantial damages including, but not limited to, back wages, future wages, lost benefits, emotional distress, and other pecuniary and non-pecuniary losses in an amount to be proven at trial." Complaint ¶188.

20. Plaintiffs allege "back wages, future wages, [and] lost benefits," among other compensation arising from SpaceX's purportedly wrongful conduct. Complaint ¶188. Plaintiffs Holland-Thielen, Scott Beck, Claire Mallon, and Tom Moline allege SpaceX terminated their employment on June 16, 2022. Complaint ¶¶51, 69, 94, 107. Plaintiff Yaman Abdulhak alleges SpaceX terminated his employment on July 22, 2022. Complaint ¶61. Plaintiff Andre Nadeau alleges SpaceX terminated his employment on July 29, 2022. Complaint ¶115. Plaintiff Deborah Lawrence alleges SpaceX terminated her employment on August 1, 2022. Complaint ¶87. Plaintiff Rebekah Clark alleges SpaceX terminated her employment on August 17, 2022. Complaint ¶76. It is presently approximately 23 months from the most recent termination, and each of the Plaintiffs earned over $100,000 per year. Accordingly, the total amount in controversy for each of the Plaintiffs' lost wages alone would appear easily to exceed the minimum threshold for the jurisdictional amount in controversy.

21. In addition, Plaintiffs allege that they have suffered emotional distress. *See* Complaint ¶129. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1155-56 (9th Cir. 1998). Indeed, plaintiffs who allege emotional distress as a result of harassment or discrimination regularly seek in excess of $75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in

1  excess of $75,000 for emotional distress damages in a single-plaintiff age
2  discrimination case); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76
3  (1996) (jury award in excess of $75,000 in non-economic damages was upheld).
4  Like the plaintiffs in these lawsuits, Plaintiffs allege they were harassed and/or
5  discriminated against based on their protected status and have suffered emotional
6  distress as a result. Accordingly, it is reasonable to assume, solely for the purposes
7  of establishing the amount in controversy, that the Complaint puts at issue in excess
8  of $75,000 for alleged emotional distress damages alone.

9        22.    Plaintiffs also seek to recover an unspecified amount of attorneys'
10 fees. *See, e.g.*, Compl., Prayer for Relief, ¶13. Courts have held that an award of
11 attorneys' fees, if such fees are authorized, may be considered for purposes of
12 calculating the amount in controversy. *See Galt G/S*, 142 F.3d 1155-56;
13 *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). The
14 reasonable estimation of attorneys' fees for purposes of removal is not limited to
15 only those fees incurred as of the time of removal; rather, it is proper to consider
16 future attorneys' fees that would reasonably accrue through the time the action is
17 resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir.
18 2018). Here, Plaintiffs' Complaint alleges claims under FEHA, which allows a
19 "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code
20 § 12965(b)(6). Should Plaintiffs prevail in this action, they would be entitled to
21 recover their attorneys' fees, which further increases the amount in controversy.

22       23.    Finally, Plaintiffs seek punitive damages against SpaceX. Compl.,
23 Prayer for Relief, ¶12. Punitive damages are counted towards the amount in
24 controversy requirement for diversity cases. *See Romo v. FFG Ins. Co.*, 397 F.
25 Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for
26 diversity purposes, punitive damages, where authorized, are counted toward the
27 requirement."); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)
28 ("Where both actual and punitive damages are recoverable under a complaint each

must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Thus, the punitive damages further and substantially increase the amount in controversy.

24. SpaceX denies any and all liability to Plaintiffs. However, given the damages sought in the Complaint, and the damages otherwise potentially available, the amount in controversy in this action, exclusive of interest and costs, far exceeds the sum of $75,000. *See Ulloa v. California Newspaper Partners*, Case No. LA CV20-11776 JAK (AGRx), 2021 WL 6618815 (C.D. Cal. Oct. 21, 2021).

25. Because there is complete diversity of citizenship between the parties involved in this lawsuit and the amount in controversy exceeds $75,000, this Court has original jurisdiction over the entirety of this matter under 28 U.S.C. § 1332(a), and removal of this case is proper under 28 U.S.C. § 1441(a).

## II.     REMOVAL IS TIMELY

26. SpaceX files this Notice within 30 days of its receipt and acceptance of service of Plaintiffs' Complaint. Accordingly, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

## III.    NOTICE

27. Upon filing this Notice of Removal, SpaceX will provide written notification to Plaintiffs and will file a copy of this Notice of Removal with the County Clerk for the Los Angeles County Superior Court, State of California, in accordance with 28 U.S.C. § 1446(d).

## IV.    VENUE IS PROPER

28. Based on the foregoing, SpaceX is entitled to have this case removed from the Los Angeles County Superior Court, State of California, to the United States District Court for the Central District of California, Western Division, such

being the district and division where this suit is currently pending. *See* 28 U.S.C. § 1441(a).

## V. INDEX OF MATTERS BEING FILED

29. In accordance with 28 U.S.C. § 1446(a) attached hereto as **Exhibit A** is an index and true and correct copies of all process, pleadings, and orders filed in the Action, as well as the docket sheet for the Action. Other than the items attached as **Exhibit A**, no other pleadings or motions have been filed, and no other orders have been signed, in the Action.

30. Furthermore, contemporaneous with the filing of this Notice, SpaceX is filing separately a signed certificate of interested persons that complies with Local Rule 7.1-1.

31. SpaceX is also filing contemporaneously herewith its civil coversheet that complies with Local Rule 3.1.

## VI. CONCLUSION

WHEREFORE, pursuant to the aforesaid statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, SpaceX removes the above-captioned state court action, originally filed as Case No. 24STCV14693 in Los Angeles County Superior Court, State of California, to the United States District Court for the Central District of California. SpaceX requests that all proceedings hereinafter in this Action take place in the United States District Court for the Central District of California.

Dated: August 16, 2024

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Karen Y. Cho*
Jennifer B. Zargarof
Karen Y. Cho
Attorneys for Defendant
SPACE EXPLORATION
TECHNOLOGIES CORP.