MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
Karen Y. Cho, Bar No. 274810
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501
jennifer.zargarof@morganlewis.com
karen.cho@morganlewis.com

Attorneys for Defendant
SPACE EXPLORATION TECHNOLOGIES
CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE HOLLAND-THIELEN, an individual; YAMAN ABDULHAK, an individual; SCOTT BECK, an individual; REBEKAH CLARK, an individual; DEBORAH LAWRENCE, an individual; CLAIRE MALLON, an individual, TOM MOLINE, an individual and ANDRE NADEAU, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SPACE EXPLORATION TECHNOLOGIES CORPORATION dba SPACEX, a Texas Corporation; and ELON MUSK, an individual, <br><br> Defendant. | Case No. 2:24-CV-06972-CAS-RAO <br><br> **DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY ACTION** <br><br> Hearing:    October 7, 2024 <br> Time:       10:00 a.m. <br> Courtroom:  8D |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ...................................................................... 3

II. PLAINTIFFS FILED THEIR LAWSUIT IN COURT IN BREACH OF THEIR ARBITRATION AGREEMENTS ................................................ 5

III. LEGAL ARGUMENT .............................................................................. 6

   A. Strong Public Policy Favors Arbitration Agreements ......................... 6

   B. The Arbitration Agreements Are Governed by the Federal Arbitration Act ........................................................................... 6

   C. SpaceX Meets Its Burden to Prove Arbitration Agreements Exist and the Arbitration Agreements Cover Plaintiffs' Claims ................... 8

     1. Arbitration Agreements Exist between Plaintiffs and SpaceX .......................................................................... 8

     2. The Arbitration Agreements Cover Plaintiffs' Claims.............. 8

   D. The Arbitration Agreements Are Valid and Enforceable .................... 9

     1. The Agreements Are Not Procedurally Unconscionable .......... 9

     2. The Agreements Are Not Substantively Unconscionable........ 10

   E. Each of Plaintiffs' Claims Should be Compelled to Arbitration ........ 13

     1. Plaintiffs Holland-Thielen, Abdulhak, Beck, Clark, Mallon, Moline and Nadeau Cannot Plead Plausible Claims for Sexual Harassment Based Solely on Their Alleged Awareness of a Public Social Media Feed ................ 14

     2. Plaintiffs Abdulhak, Beck, and Moline Cannot Plead Plausible Claims for Hostile Work Environment Sexual Harassment Because They Are Not Members of the Protected Class.......................................................... 15

     3. Plaintiff Mallon's Fourth Cause of Action for Hostile Work Environment Sexual Harassment Predates the EFAA .......................................................................... 16

     4. Plaintiff Lawrence Does Not Plead a Harassment Claim........ 18

   F. The Court Should Stay This Action Pending Arbitration................... 18

IV. CONCLUSION...................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arouh v. GAN Limited, et al.*,
   No. 8:23-cv-02001-FWS, 2024 WL 3469032 (C.D. Cal. Mar. 22,
   2024) ................................................................................................................ 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................... 13

*AT&T Mobility, LLC v. Concepcion*,
   563 U.S. 333 (2011) ......................................................................................... 1

*Bopda v. Comcast of the Dist., LLC*,
   No. 23-2148, 2024 WL 399081 (4th Cir. Feb. 2, 2024) ................................. 16

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*
   207 F.3d 1126 (9th Cir. 2000) ......................................................................... 8

*Citizens Bank v. Alafabco, Inc.*,
   539 U.S. 52 (2003) ........................................................................................... 7

*Comedy Club, Inc. v. Improv W. Assocs.*,
   553 F.3d 1277 (9th Cir. 2009) ......................................................................... 6

*Cox v. Ocean View Hotel Corp.*,
   533 F.3d 1114 (9th Cir. 2008) ......................................................................... 8

*Cummings-Reed v. United Health Group*,
   2016 WL 1734873 (E.D. Cal., May 2, 2016) ................................................... 7

*Daniel v. Paul*,
   395 U.S. 298 (1969) ......................................................................................... 7

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) ..................................................................................... 1, 3

*Epic Sys. Corp. v. Lewis*,
   138 S. Ct. 1612 (2018) ..................................................................................... 1

*Erceg v. LendingClub Corp.*,
   475 F. Supp. 3d 1071 (N.D. Cal. 2020) ......................................................... 20

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

*Ferguson v. Corinthian Colleges, Inc.*,
   733 F.3d 928 (9th Cir. 2013) ............................................................................ 3

*Flowers v. Carville*,
   310 F.3d 1118 (9th Cir. 2002) ....................................................................... 17

*Gabriella v. Recology Inc.*,
   No. 21-CV-08460-HSG, 2022 WL 6271866 (N.D. Cal. Sept. 9,
   2022) ............................................................................................................... 20

*Ingle v. Circuit City Stores, Inc.*,
   328 F.3d 1165 (9th Cir. 2003) .......................................................................... 9

*James v. PC Matic, Inc.*,
   No. CV 23-1506-MWF, 2023 WL 4291668 (C.D. Cal. May 17,
   2023) ............................................................................................................... 16

*Johannessen* v. *Juul Labs, Inc.*,
   No. 3:23-CV-03681-JD, 2024 WL 3173286 (N.D. Cal. June 24,
   2024) ............................................................................................................... 18

*Johnson v. Starbucks Corp.*,
   No. 18-CV-06842-KAW, 2019 WL 3220273 (N.D. Cal. July 17,
   2019) ............................................................................................................... 20

*Lukovsky v. City & Cnty. of San Francisco*,
   535 F.3d 1044 (9th Cir. 2008) ....................................................................... 16

*Marchese v. Shearson Hayden Stone, Inc.*,
   734 F.2d 414 (9th Cir. 1984) ........................................................................... 8

*Martinez v. Leslie's Poolmart, Inc.*,
   2014 WL 5604974 (C.D. Cal. Nov. 3, 2014) .................................................. 7

*Mera v. SA Hospitality Group, LLC*,
   675 F. Supp. 3d 442 (S.D.N.Y. 2023) ........................................................... 19

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ........................................................................................ 6, 8

*Nesovic v. United States*,
   71 F.3d 776 (9th Cir. 1995) ........................................................................... 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

*Newcombe-Dierl v. Amgen*
(C.D. Cal. May 26, 2022) 2022 WL 3012211.................................................16

*Olivieri v. Stifel, Nicolaus, & Co. et. al.,*
No. 23-658-CV, 2024 WL 3747609 (2d Cir. Aug. 12, 2004)...........................17

*Patrick v. McDermott,*
No. SA CV 16-318-PLA, 2019 WL 10255472 (C.D. Cal. June 24, 2019)..................................................................................................................16

*Preston v. Ferrer,*
552 U.S. 346 (2008) .........................................................................................6

*Scherk v. Alberto Culver Co.,*
417 U.S. 506 (1974) .........................................................................................1

*Smith v. Spizzirri, et al.,*
601 U.S. 472 (2024) .......................................................................................19

*Stanley v. Trustees of California State Univ.,*
433 F.3d 1129 (9th Cir. 2006).......................................................................17

*Vance v. Google LLC,*
No. 5:20-CV-04696-BLF, 2021 WL 534363 (N.D. Cal. Feb. 12, 2021)..................................................................................................................20

*Yost v. Everyrealm, Inc.,*
657 F. Supp. 3d 563 (S.D.N.Y. 2023)..................................................13, 14, 15

*Zinsky v. Russin,*
No. 2:22-CV-547, 2022 WL 2906371 (W.D. Pa. July 22, 2022) ....................16

**State Cases**

*24 Hour Fitness, Inc. v. Superior Court,*
66 Cal.App.4th 1199, 1213 (1998)................................................................10

*A & M Produce Co. v. FMC Corp.,*
135 Cal. App. 3d 473 (1982) .........................................................................10

*Armendariz v. Foundation Health Psychcare Services, Inc.,*
24 Cal. 4th 83 (2000), and (3) ........................................................4, 9, 10, 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

*Cione v. Foresters Equity Servs., Inc.*,
  58 Cal. App. 4th 625 (1997) ................................................................. 6

*Cisneros Alvarez v. Altamed Health Servs. Corp.*,
  60 Cal. App. 5th 572 (2021) .............................................................. 10

*De Leon v. Pinnacle Prop. Mgmt. Servs., LLC*,
  72 Cal. App. 5th 476-492-93 (2021) .................................................. 12

*Fed. Ins. Co. v. Superior Court*,
  *60 Cal.App.4th 1370, 1375 (1998)* ................................................... 20

*Franco v. Arakelian Enterprises, Inc.*,
  234 Cal. App. 4th 947 (2015) ............................................................ 20

*Grandchamp v. SpaceX.*,
  No. 22STCV10885 (Sup. Ct. Cal., L.A. Cnty. Sept. 21, 2022) ..................... 9, 12

*Guitierrez-Escalera v. SpaceX*,
  No. 21STCV25166 (Sup. Ct. Cal., L.A. Cnty. Nov. 9, 2021) ..................... 9, 13

*Janken v. GM Hughes Elecs.*,
  46 Cal. App. 4th 55 (1996) ................................................................ 19

*Kinney v. United HealthCare Servs., Inc.*,
  70 Cal. App. 4th 1322 (1999) ............................................................ 10

*Lewis v. City of Benicia*,
  224 Cal. App. 4th 1519 (2014) ...................................................... 14, 15

*Mathieu v. Norrell Corp.*,
  115 Cal. App. 4th 1174 (2004) .......................................................... 19

*Miller v. Dep't of Corr.*,
  36 Cal. 4th 446 (2005) ...................................................................... 18

*Mission Viejo Emergency Med. Associates v. Beta Healthcare Group*,
  197 Cal. App. 4th 1146 (2011) ............................................................ 9

*Moncharsh v. Heily & Blase*,
  3 Cal. 4th 1 (1992) ............................................................................ 6

*Ortiz v. Dameron Hosp. Assn.*,
  37 Cal. App. 5th 568 (App. 3d Dist. 2019) ........................................ 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

v

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

*Roman v. Superior Court*,
   172 Cal. App. 4th 1462 (2009).................................................................................. 11

*Saint Agnes Med. Ctr. v. PacificCare of Calif.*,
   102 Cal. App. 4th 647 (2002)..................................................................................... 7

*Sanchez v. SpaceX*,
   No. 23STCV20023 (Sup. Ct. Cal., L.A. Cnty. March 19, 2024).................. 9, 12

*Sandquist v. Lebo Auto., Inc.*,
   1 Cal. 5th 233 (2016).................................................................................................. 8

*United Transp. Union v. S. Cal. Rapid Transit Dist.*,
   7 Cal. App. 4th 804 (1992)...................................................................................... 6, 8

*Vianna v. Doctors' Mgmt. Co.*,
   27 Cal. App. 4th 1186 (1994)..................................................................................... 6

**Federal Statutes**

9 U.S.C. § 2.................................................................................................................... 6

9 U.S.C. § 4.................................................................................................................... 8

9 U.S.C. § 402.............................................................................................................. 13

EFAA, Pub. L. No. 117-90, §3, 136 Stat. 26, 28 (2022)............................... 9, 13, 19

**State Statutes**

Cal. Code Civ. Proc. § 1281 ........................................................................................ 6

Cal. Code Civ. Proc. § 1281.2 ..................................................................................... 6

Cal. Gov. Code § 12960 ............................................................................................. 17

**Other Authorities**

Rule 11(b) ...................................................................................................................... 3

Rule 12(b)(6)................................................................................................................ 15

Rule 17........................................................................................................................ 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

vi

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 7, 2024 at 10:00 a.m., or as soon thereafter as may be heard in Courtroom 8D of this Court, located at 350 W. First Street, 8th Floor Los Angeles, CA 90012, Defendant Space Exploration Technologies Corp. ("SpaceX") will, and hereby does, move this Court for an order compelling Plaintiffs Paige Holland Thielen, Yaman Abdulhak, Scott Beck, Rebekah Clark, Deborah Lawrence, Claire Mallon, Tom Moline, and André Nadeau (collectively, "Plaintiffs") to arbitrate all claims asserted in their removed Los Angeles Superior Court complaint (Case No, 24STCV14693) (the "Action"), dismissing all claims alleged in the Action, and staying further proceedings pending completion of arbitration.  *See* 9 U.S.C. §§ 1 et seq.; *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018).

This Motion is made pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, Fed. Rule Civ. Proc. Rule 12(b)(6), and the terms of SpaceX's arbitration agreements contractually obligating Plaintiffs to arbitrate their claims on an individual basis.  The arbitration agreements are valid, binding, and legally enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq. Accordingly, Plaintiffs must be compelled to arbitrate their claims in this Action, and the Court should stay the Action pending completion of the arbitration.  *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *Scherk v. Alberto Culver Co.*, 417 U.S. 506, 511 (1974).

This Motion is made following SpaceX's counsel's attempts to engage Plaintiffs' counsel in a meet and confer efforts pursuant to L.R. 7-3, and is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities; the declarations of Lindsay Chapman and Karen Y. Cho, and the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

1   exhibits attached thereto; all papers and records on file with the Court; and such

2   additional evidence and argument as may be presented to the Court at or before the

3   hearing.

4

5   Dated:        September 9, 2024            MORGAN, LEWIS & BOCKIUS LLP

6

7                                            By  */s/ Karen Y. Cho*

8                                                Jennifer B. Zargarof
                                                 Karen Y. Cho
9                                                Attorneys for Defendant
                                                 SPACE EXPLORATION
10                                               TECHNOLOGIES CORP.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINT AND AUTHORITIES

## I. PRELIMINARY STATEMENT

At the start of their employment with Defendant Space Exploration Technologies Corp. ("SpaceX"), Plaintiffs Paige Holland-Thielen ("Holland-Thielen"), Yaman Abdulhak ("Abdulhak"), Scott Beck ("Beck"), Rebekah Clark ("Clark"), Deborah Lawrence ("Lawrence"), Claire Mallon ("Mallon"), Tom Moline ("Moline"), and André Nadeau ("Nadeau") (collectively the "Plaintiffs") each entered into an "Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver" with SpaceX (collectively the "Arbitration Agreements"). The Arbitration Agreements expressly require SpaceX and each of the Plaintiffs to submit all claims arising out of their employment relationship to final and binding arbitration before a neutral arbitrator under the Employment Arbitration Rules of the Judicial Arbitration and Mediation Service ("JAMS").[1]  Because all of Plaintiffs' claims in this action arise out of their employment with SpaceX, they are squarely covered by the Arbitration Agreements.

Plaintiffs cannot escape their arbitration obligations.  The Federal Arbitration Act ("FAA") "reflects an emphatic federal policy in favor of arbitration," and "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issue to which an arbitration agreement has been signed."  *Ferguson v. Corinthian Colleges, Inc*., 733 F.3d 928, 932 (9th Cir. 2013); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  The Arbitration Agreements are: (1) valid under

---

[1]    Notably, the JAMS Rules delegate issues of arbitrability to the Arbitrator. *See* Rule 11(b) ("Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter). Therefore, this Court should stay this case without delay and promptly send Plaintiffs' claims in the Action to arbitration for resolution.

the FAA, (2) they meet the minimum fairness requirements set forth by the Supreme Court of California in *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000), and (3) Plaintiffs' claims are directly within the scope of the Arbitration Agreements.  It is well settled that simply requiring arbitration as a condition of employment does not render an arbitration agreement invalid as procedurally unconscionable and the Arbitration Agreements are otherwise not substantively unconscionable as they satisfy all of the *Armendariz* elements.

Further, to the extent some of the Plaintiffs argue their sexual harassment claims should not be compelled to arbitration pursuant to the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), the statute is inapplicable here. One plaintiff, Lawrence, does not assert any sexual harassment claim so the EFAA does not exempt her claims from arbitration.  Four of the eight plaintiffs (Beck, Moline, Nadeau, and Abdulhak) are male and not members of the protected class of women and LBGQ+ individuals they alleged were subjected to sexual harassment under the Fair Employment and Housing Act ("FEHA"). And as to all of them, none of the alleged harassing conduct was directed at any of them and cannot serve as basis for a sexual harassment hostile work environment claim. Even if Plaintiff Mallon has arguably pled an individual claim for sexual harassment, the conduct that she alleges gives rise to this claim occurred prior to March 3, 2022, the effective date of the EFAA, and the statute does not apply retroactively.

Once the Court compels Plaintiffs' claims to arbitration, it must stay the court action pending the outcome of the arbitration.  Even if the Court were to determine that some of Plaintiff's claims should not be compelled to arbitration, it would still be appropriate for to stay the Action pending the outcome of arbitration to avoid duplicative litigation, the risk of conflicting rulings, potentially

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

undermining the arbitration proceedings, and wasting this Court's valuable judicial resources.

## II.    PLAINTIFFS FILED THEIR LAWSUIT IN COURT IN BREACH OF THEIR ARBITRATION AGREEMENTS

Each Plaintiff, upon accepting their offer of employment from SpaceX, entered into their Arbitration Agreement with SpaceX.  Chapman Decl., at ¶ 5, Ex. A–H.

Under the Arbitration Agreements, Plaintiffs and SpaceX agreed to resolve all "Covered Claims" through final, binding, and confidential arbitration under the FAA and administered by JAMS pursuant to its Employment Arbitration Rules. *Id.*, at ¶ 5, Ex. A.  The Arbitration Agreements broadly define "Covered Claims" to include the following:

> A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: **claims of employment discrimination and harassment (e.g.,…the California Fair Employment & Housing Act…) . . . claims alleging unfair competition . . . claims under the California Labor Code . . . discrimination, harassment, unlawful retaliation…**; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

*Id.*, at ¶ 5, Ex. A, paras. 2–3 (emphasis added).

On June 12, 2024, in breach of the Arbitration Agreements, Plaintiffs filed this Action.  The Complaint raises eight causes of action against SpaceX, all of which arise out of Plaintiffs' former employment: (1) Harassment – Hostile Work Environment in violation of FEHA; (2) Retaliation in violation of FEHA; (3) Failure To Prevent Discrimination, Harassment, and Retaliation in violation of FEHA; (4) Harassment in violation of FEHA; (5) Discrimination in Violation of FEHA; (6) Whistleblower Retaliation in violation of Labor Code §1102.5; (7) Wrongful Termination in violation of Public Policy; and (8) Unlawful Business

Practices under Business and Professions Code §17200.  *See generally*, Complaint.
SpaceX's counsel met and conferred with Plaintiffs' counsel prior to bringing this
Motion.  Plaintiffs refused to stipulate to arbitration but also refused to state any
basis for doing so.

## III.    **LEGAL ARGUMENT**

### A.    **Strong Public Policy Favors Arbitration Agreements**

The FAA incorporates a strong federal policy of enforcing arbitration
agreements. *Preston v. Ferrer*, 552 U.S. 346, 353 (2008) ("[The FAA] declares a
national policy favoring arbitration of claims that parties contract to settle in that
manner."). "[C]ourts must construe arbitration clauses as broadly as possible, and
any doubts concerning the scope of an arbitral issues should be resolved in favor of
arbitration."  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.
1, 26 (1983) (internal citations omitted); *see also Comedy Club, Inc. v. Improv W.
Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (holding arbitration agreement is
presumed enforceable *unless* it may be said with "positive assurance" that the
arbitration clause is "not susceptible of an interpretation" that covers the asserted
dispute.[2]

### B.    **The Arbitration Agreements Are Governed by the Federal Arbitration Act**

The FAA broadly covers arbitration agreements "evidencing a transaction
involving commerce."  9 U.S.C. § 2.  The FAA's reach is expansive and covers not

---

[2]    California also has a "strong public policy in favor of arbitration as a speedy
and relatively inexpensive means of dispute resolution." *Moncharsh v. Heily &
Blase*, 3 Cal. 4th 1, 9 (1992) (citation omitted). California law presumes the
enforceability of arbitration agreements and mandates arbitration where an
agreement to arbitrate exists.  *See* Cal. Code Civ. Proc. § 1281. The only prerequisite
for a court to order arbitration is a determination that the parties have entered into an
agreement to arbitrate the dispute, which is unequivocally the case here. *See United
Transp. Union v. S. Cal. Rapid Transit Dist.*, 7 Cal. App. 4th 804, 808 (1992); *see
also*, Cal. Code Civ. Proc. § 1281.2.  "[A]rbitration should be ordered unless the
agreement clearly does not apply to the dispute in question." *Vianna v. Doctors'
Mgmt. Co.*, 27 Cal. App. 4th 1186, 1189 (1994) (citation and quotations omitted).
As a result, "[a] heavy presumption weighs the scales in favor of arbitrability."
*Cione v. Foresters Equity Servs., Inc.*, 58 Cal. App. 4th 625, 642 (1997).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

only transactions "within the flow of commerce," but also those merely "affecting commerce." *Allied-Bruce Terminix Companies Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995). Courts must look to the parties' agreement and business operations to determine whether the FAA governs. *See, e.g.*, *Saint Agnes Med. Ctr. v. PacificCare of Calif.*, 102 Cal. App. 4th 647, 651 (2002), *overruled on other grounds by Saint Agnes Med. Ctr. v. PacificCare of Calif.*, 31 Cal. 4th 1187 (2003); *see also Daniel v. Paul*, 395 U.S. 298, 305 (1969). A defendant need only establish that its operations affect interstate commerce, regardless of whether the plaintiff was directly involved in such operations. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (finding the requisite commerce for FAA coverage even when the individual transaction did not have a substantial effect on interstate commerce).

Here, the Parties expressly agreed that the Arbitration Agreements are governed by the FAA. Chapman Decl., at ¶ 5, Ex. A, at para. 11 ("It is the Parties' intention that both the procedural and substantive provisions of the FAA shall apply."); *see Martinez v. Leslie's Poolmart, Inc.*, 2014 WL 5604974, at *3 n.4 (C.D. Cal. Nov. 3, 2014) (holding the FAA applied when "the arbitration agreement expressly provides that it is governed by the FAA"). Further, SpaceX's business involves operations in several states within the United States. Chapman Decl., at ¶ 3. For example, SpaceX has its headquarters in Texas, launch sites in Florida, and manufacturing facilities in California. *Id*. These widespread, national operations affect interstate commerce within the meaning of the FAA. *See, e.g.*, *Cummings-Reed v. United Health Group*, 2016 WL 1734873, at *2 (E.D. Cal., May 2, 2016) (holding defendants met their burden to show that the FAA applied by providing a declaration stating that the defendants operated in many states across the country and provided services nationwide). Accordingly, the Arbitration Agreements are governed by the FAA and state law should not contravene the FAA's purposes.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

**C.     SpaceX Meets Its Burden to Prove Arbitration Agreements Exist
and the Arbitration Agreements Cover Plaintiffs' Claims**

A court's role in reviewing a motion to compel arbitration is to determine
two issues: "(1) whether a valid agreement to arbitrate exists and, if it does (2)
whether the agreement encompasses the dispute at issue." *Cox v. Ocean View
Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008), *quoting Chiron Corp. v. Ortho
Diagnostic Sys., Inc.* 207 F.3d 1126, 1130 (9th Cir. 2000); 9 U.S.C. § 4.  If a court
finds in the affirmative on both issues, the FAA requires that the court enforce the
arbitration agreement in accordance with its terms.  *Chiron*, *supra*, 207 F.3d at
1130.  A presumption of arbitrability applies to all disputes between the parties to
an enforceable arbitration agreement and all doubts are to be resolved in favor of
arbitrability.  *See United Trans.*, *supra*, 7 Cal. App. 4th at 808; *Moses H. Cone*,
*supra*, 460 U.S. at 24–25.

**1.     Arbitration Agreements Exist between Plaintiffs and SpaceX**

Upon hire, Plaintiffs each executed the binding Arbitration Agreements.
Chapman Decl., at ¶ 5, Ex. A–H.  Accordingly, there can be no dispute that binding
Arbitration Agreements exist for each of the Plaintiffs.

**2.     The Arbitration Agreements Cover Plaintiffs' Claims**

The Plaintiffs' claims are clearly covered by the Arbitration Agreements.
When determining whether the agreements encompass the dispute, the agreement
itself determines the scope of matters covered.  *See Sandquist v. Lebo Auto., Inc.*, 1
Cal. 5th 233, 247 (2016) (noting that state law follows federal law).  A claim is
subject to arbitration "unless it may be said with positive assurance that the
arbitration clause is not susceptible of an interpretation that covers the asserted
dispute." *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 419 (9th Cir.
1984), *aff'd* 822 F.2d 876 (1987).  Consequently, "any doubts concerning the scope
of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone
Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).  Here, Plaintiff's

8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

employment-related claims fall squarely within the scope of the Arbitration Agreements because the claims arise out of their employment with and termination of employment from SpaceX. *See* Complainant Arbitration Agreement § 1 ("EACH PARTY WAIVES THE RIGHT TO EITHER A JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM.") *with Id.* § 3 ("A "Covered Claim" is any claim . . ., including without limitation . . . claims of employment discrimination and harassment (e.g., . . . the California Fair Employment & Housing Act) . . . [and] claims under the California Labor Code . . ., including any claim brought by me related to . . . unlawful retaliation[.]").

### D.     The Arbitration Agreements Are Valid and Enforceable

Because SpaceX established that the Arbitration Agreements exist and apply to the claims at issue, the burden shifts to Plaintiffs to prove that the agreements are not valid or enforceable.  *Mission Viejo Emergency Med. Associates v. Beta Healthcare Group*, 197 Cal. App. 4th 1146, 1154 (2011).  An arbitration agreement can be invalidated only if there is a showing of *both* procedural *and* substantive unconscionability, which cannot be done here.  *Armendariz*, 24 Cal. 4th at 114; *see also Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003).  For the reasons discussed below, Plaintiffs cannot meet their weighty burden.[3]

### 1.     <u>The Agreements Are Not Procedurally Unconscionable</u>

To establish procedural unconscionability, Plaintiffs must demonstrate "oppression" or the existence of unfair "surprise." *Armendariz, supra*, 24 Cal. 4th at 114.  There is none here.  Oppression only "arises from an inequality of bargaining power [that] results in no real negotiation and 'an absence of meaningful choice,'" while unfair surprise applies only to the narrow extent in "which the

---

[3]     California courts have repeatedly enforced this same/substantially similar arbitration agreements.  *See Sanchez v. SpaceX*, No. 23STCV20023 (Sup. Ct. Cal., L.A. Cnty. March 19, 2024); *Grandchamp v. SpaceX.*, No. 22STCV10885 (Sup. Ct. Cal., L.A. Cnty. Sept. 21, 2022); *Guitierrez-Escalera v. SpaceX*, No. 21STCV25166 (Sup. Ct. Cal., L.A. Cnty. Nov. 9, 2021).

supposedly agreed-upon terms of the bargain are hidden." *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486 (1982); *Cisneros Alvarez v. Altamed Health Servs. Corp.*, 60 Cal. App. 5th 572, 589 (2021) (arbitration agreement was not rendered procedurally unconscionable by lack of Spanish translation or by failure to provide arbitration rules, and employee failed to show oppression apart from inherent economic pressure on employee to accept arbitration, which is fairly low level of procedural unconscionability).

Here, Plaintiffs cannot show "oppression" or "surprise." Plaintiffs were given the opportunity to review and accept or reject the Arbitration Agreements before performing any work for SpaceX. Chapman Decl., at ¶ 5, Ex. A–H. Plaintiffs voluntarily signed the four-page document entitled "EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT AND CLASS ACTION WAIVER." *Id.* Plaintiffs were given ample time and opportunity to review and consider the agreements, including with their counsel of choice, before signing it. *Id.* The Arbitration Agreements are also standalone documents, and their terms are not hidden or concealed. *Id.* Accordingly, Plaintiffs cannot meet their burden to establish procedural unconscionability.

## 2.    The Agreements Are Not Substantively Unconscionable

Nor can Plaintiffs show that the Arbitration Agreements are substantively unconscionable. Substantive unconscionability "focuses on the terms of the agreement and whether those terms are so one-sided as to 'shock the conscience.'" *Kinney v. United HealthCare Servs., Inc.*, 70 Cal. App. 4th 1322, 1330 (1999); *24 Hour Fitness, Inc. v. Superior Court,* 66 Cal.App.4th 1199, 1213 (1998), (no substantive unconscionability where the arbitration provision applied equally to employer and employee). Substantive unconscionability is present only when there would be "overly harsh" or "one-sided" results, which is not the case here. *See Armendariz*, 24 Cal. 4th at 114 (citations omitted). To avoid such results, the California Supreme Court in *Armendariz* delineated a series of minimum standards

10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

that an arbitration agreement must meet to be substantively conscionable and thus enforceable:

> (1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.

*Id.*, 24 Cal. 4th at 102 (quoting *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1482 (D.C. Cir. 1997)). Here, the parties' Arbitration Agreements satisfy each of these requirements.[4]

First, the Arbitration Agreements provide that "[a]ny claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ('JAMS')." Chapman Decl., at ¶ 5, Ex. A, para. 4. The Arbitration Agreements also provide that "if the Parties cannot agree on an arbitrator, JAMS rules will govern [the] selection." *Id*; *see Roman v. Superior Court*, 172 Cal. App. 4th 1462 (2009) (enforcing arbitration agreement where the AAA rules were incorporated by reference). These processes ensure the selection of a neutral arbitrator.

Second, the Arbitration Agreements provide that "[t]he arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute." *Id*. at ¶ 5, Ex. A, para. 4(b). It also incorporates by reference the JAMS rules, which set forth discovery rules and procedures for employment arbitrations that safeguard both parties. *Id.* at ¶ 5, Ex. A, para. 4. In particular, JAMS Rule 17 outlines the requirements for exchanging information and documents as well as the deposition rules. JAMS Empl. Arb. Rules & Proc., Rule 17. Thus, the Arbitration Agreements and JAMS rules provide for adequate discovery.

---

[4] As discussed above, the Arbitration Agreements are valid under the FAA and state law cannot contravene. *Armendariz*, therefore, is not controlling, but the Arbitration Agreements meet the *Armendariz* requirements.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

Third, the Arbitration Agreements require that a written award shall "(i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited." *Id*. at ¶ 5, Ex. A, para. 4(c). This satisfies the requirement that the award be in writing.

Fourth, the Arbitration Agreements provide for all types of relief that would otherwise be available in court—"[t]he arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/ or judicial authority." *Id*. at ¶ 5, Ex. A, para. 4(b). Accordingly, the Arbitration Agreements provide for the same relief as available in court.

Fifth, the Arbitration Agreements provide that "SpaceX will be responsible for all arbitration fees, except [Plaintiff] will be required to pay up to the amount [he/she] would have been required to pay the applicable lower court in order to file a civil complaint. Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise." *Id*. at ¶ 5, Ex. A, para. 7. The Arbitration Agreements do not require Plaintiffs to pay unreasonable costs, arbitrators' fees, or expenses as a condition of access to arbitration.

The Arbitration Agreements thus satisfy the *Armendariz* requirements,[5] as several California courts have already determined. *See, e.g.*, *Sanchez v. SpaceX*, No. 23STCV20023 (Sup. Ct. Cal., L.A. Cnty. March 19, 2024); *Grandchamp v. SpaceX.*, No. 22STCV10885 (Sup. Ct. Cal., L.A. Cnty. Sept. 21, 2022);

---

[5] Alternatively, if the Court determines that any provisions of the Arbitration Agreements are unconscionable, which is not the case here, it should sever or restrict those terms rather than refuse to enforce the Arbitration Agreements as a whole. The "strong preference is to sever" terms unless the entire agreement is "permeated by unconscionability." *De Leon v. Pinnacle Prop. Mgmt. Servs., LLC*, 72 Cal. App. 5th 476-492-93 (2021) (citation omitted). SpaceX disputes that any provisions in the Arbitration Agreements are unconscionable. *See* Chapman Decl., at ¶ 5, Ex. A–H.

*Guitierrez-Escalera v. SpaceX*, No. 21STCV25166 (Sup. Ct. Cal., L.A. Cnty. Nov. 9, 2021).

### E.    Each of Plaintiffs' Claims Should be Compelled to Arbitration

To the extent Plaintiffs argue that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") exempts them from mandatory arbitration, they are incorrect. *See* 9 U.S.C. § 402. First, "where a party seeks to invoke the EFAA based on a claim of sexual harassment, such a claim must have been plausibly pled," *Yost v. Everyrealm, Inc.,* 657 F. Supp. 3d 563, 567 (S.D.N.Y. 2023), and "must allege enough facts to state a claim to relief that is plausible on its face" not mere "labels and conclusions," *Arouh v. GAN Limited, et al.*, No. 8:23-cv-02001-FWS, 2024 WL 3469032, at *6 (C.D. Cal. Mar. 22, 2024), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a plaintiff must allege a plausible claim that accrued *after* the EFAA's enactment on March 3, 2022. *See* EFAA, Pub. L. No. 117-90, §3, 136 Stat. 26, 28 (2022) (the EFAA does not have retroactive effect). Where, as here, a plaintiff fails to allege sufficient facts to support a plausible claim that accrued after March 3, 2022, the EFAA is not applicable. *Yost*, *supra*, 657 F. Supp. 3d at 567; *Arouh*, 2024 WL 3469032, at *7.

First, Holland-Thielen, Abdulhak, Beck, Clark, Mallon, Moline and Nadeau's First Cause of Action for Sexual Harassment fails to plead a plausible claim because they cannot establish a hostile work environment based solely on their alleged awareness of a public social media feed. Second, Abdulhak, Beck, Nadeau, and Moline (collectively, the "Male Plaintiffs") cannot plead a plausible claim for sexual harassment because they are not members of the protected class. Third, Mallon's Fourth Cause of Action for Sexual Harassment fails to plead a plausible claim that accrued after March 3, 2022. And fourth, Lawrence does not assert any sexual harassment claim at all.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

Because Plaintiffs do not plead any plausible claim for sexual harassment
that accrued after March 3, 2022, the EFAA does not apply, and their claims must
be compelled to arbitration.

1.    **Plaintiffs Holland-Thielen, Abdulhak, Beck, Clark, Mallon, Moline and Nadeau Cannot Plead Plausible Claims for Sexual Harassment Based Solely on Their Alleged Awareness of a Public Social Media Feed**

The EFAA does not apply to Holland-Thielen, Abdulhak, Beck, Clark,
Mallon, Moline and Nadeau's First Cause of Action for Sexual Harassment because
they cannot establish a hostile work environment based solely on their alleged
awareness of a public social media feed. *See Yost, supra*, 657 F. Supp. at 585
(compelling arbitration after finding state sexual harassment claim not plausible
under the Federal Rule of Civil Procedure Rule 12(b)(6) standard).

"A hostile work environment sexual harassment claim requires a plaintiff
employee to show: (1) he or she was subjected to unwelcome sexual advances,
conduct or comments; (2) the harassment was based on sex; and (3) the harassment
was sufficiently severe or pervasive to alter the conditions of employment and
create an abusive working environment." *Lewis v. City of Benicia*, 224 Cal. App.
4th 1519, 1524 (2014).

The basis for Holland-Thielen, Abdulhak, Beck, Clark, Mallon, Moline and
Nadeau's First Cause of Action for Sexual Harassment is that Elon Musk posted
tweets on his personal social media account on X (formerly Twitter) that they
believed "demeaned women and/or the LGBTQ+ community." Compl. ¶¶ 23;
124-31. This is insufficient to establish a hostile work environment.

In *Lewis*, the plaintiff alleged that his supervisor, Lantrip, created a hostile
work environment by "display[ing] pornographic images on the work computer
[and] point[ing] out the images to everyone who was in the 'general vicinity,'"
"told 'obscene' jokes at work," and "sent e-mails with sexual or pornographic

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

content." *Id.* at 1530.  The Court of Appeals dismissed these claims because there was "no basis for a reasonable trier of fact to conclude Lantrip harassed Lewis on the basis of sex, or subjected Lewis to a pervasive pattern of harassing conduct," because Lewis admitted that "he was free to leave and not look at the images." *Id.* at 1530-31.

Like in *Lewis*, Holland-Thielen, Abdulhak, Beck, Clark, Mallon, Moline and Nadeau do not allege any actual conduct that was directed at them personally. Plaintiffs instead assert that Elon Musk's personal posts on X (formerly Twitter)—a platform and entity wholly distinct from SpaceX—created a hostile work environment despite not being directed at Plaintiffs (or any specific individual) and being visible to anyone with an internet connection who *chose* to view them.  Thus, the conduct at issue does not state a plausible sexual harassment claim under Rule 12(b)(6) and the EFAA does not preclude arbitration of Plaintiffs' claims.  *See Yost,* 657 F. Supp. 3d at 585.

> **2.** **Plaintiffs Abdulhak, Beck, and Moline Cannot Plead Plausible Claims for Hostile Work Environment Sexual Harassment Because They Are Not Members of the Protected Class**

Even if they could plead a plausible claim for hostile work environment sexual harassment based on their voluntary decision to view content posted to a public social media account, the Male Plaintiffs' claims would also fail because they are not members of the protected class. As stated above, Plaintiffs allege "an unwelcome hostile work environment based upon conduct interject[ed] into the workplace . . . that demeaned women and/or the LGBTQ+ community."  Compl. at ¶ 23.  None of the Male Plaintiffs allege that they are women or members of the LGBTQ+ community.  *See, e.g.*, Compl. at ¶¶ 5-6, 10-11, 61-75, 107-23.  Thus, the Male Plaintiffs' claims cannot survive a motion to dismiss because they are not members of the protected class, which is a requirement to establish a prima facie

case under the FEHA. *See James v. PC Matic, Inc.*, No. CV 23-1506-MWF (KSx), 2023 WL 4291668, at *7 (C.D. Cal. May 17, 2023) ("To establish a prima facie case of a hostile work environment [under the FEHA], the plaintiff must show that . . . plaintiff is a member of a protected class[.]"); *Ortiz v. Dameron Hosp. Assn.*, 37 Cal. App. 5th 568, 581 (App. 3d Dist. 2019) (same). The Male Plaintiffs' inability to establish the first element of their hostile work environment cause of action is fatal to their invocation of the EFAA.

### 3. Plaintiff Mallon's Fourth Cause of Action for Hostile Work Environment Sexual Harassment Predates the EFAA

Mallon's Fourth Cause of Action for Hostile Work Environment Sexual Harassment does not plead a plausible claim that accrued after the EFAA's enactment on March 3, 2022. The EFAA prohibits the enforcement of pre-dispute arbitration agreements as to only sexual harassment claims that accrue on or after March 3, 2022. *See* EFAA, PL 117-90, March 3, 2022, 136 Stat. 26; s*ee also Newcombe-Dierl v. Amgen* (C.D. Cal. May 26, 2022) 2022 WL 3012211, at *5 (finding that the EFAA did not apply when the complained of action happened prior to March 3, 2022); *Bopda v. Comcast of the Dist., LLC*, No. 23-2148, 2024 WL 399081, at *1 (4th Cir. Feb. 2, 2024) (holding that the EFAA "does not apply retroactively to claims that accrued before its enactment on March 3, 2022."). "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008); *Patrick v. McDermott*, No. SA CV 16-318-PLA, 2019 WL 10255472, at *5 (C.D. Cal. June 24, 2019) (same); *Zinsky v. Russin*, No. 2:22-CV-547, 2022 WL 2906371, at *4 (W.D. Pa. July 22, 2022) (compelling arbitration because plaintiff's sexual assault claim accrued before March 3, 2022).

In this case, based on her own allegations, Plaintiff Mallon's stand-alone sexual harassment claim accrued *before* the enactment of the EFAA. Mallon alleges only two events that could even possibly be construed as sexual harassment:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

(1) in 2019, she reported a co-worker "for repeatedly bringing up sexually explicit topics with her, which made her uncomfortable"[6] (Compl. ¶ 96) and (2) in January 2022, she reported a co-worker whose conduct, including allegedly asking her out to lunch multiple times per week, making suggestive comments to her, and staring at her chest, "making her uncomfortable." (Compl. ¶ 101). Both of these alleged incidents took place prior to March 3, 2022. Therefore, Mallon's alleged sexual harassment claim accrued before the EFAA was enacted, and if Mallon wishes to press a claim for these incidents, she must bring the claim in arbitration.

Recognizing the futility of their allegations in light *Lukovsky*, Plaintiffs further asserted during the parties' meet-and-confer that Mallon's (and all Plaintiffs') claims accrued after March 3, 2022 on account of the continuing violations doctrine. *See Olivieri v. Stifel, Nicolaus, & Co. et. al.,* No. 23-658-CV, 2024 WL 3747609 (2d Cir. Aug. 12, 2004). The continuing violation doctrine involves "repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices." *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995). "The doctrine applies where there is no single incident that can fairly or realistically be identified as the cause of significant harm." *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002).

Mallon's Fourth Cause of Action for Hostile Work Environment Sexual Harassment, however, is based solely on the two specific instances of conduct described above that occurred prior to March 2022. The continuing violation doctrine cannot salvage Mallon's claims because she alleges no conduct even remotely related to those two instances that occurred after March 3, 2022. *See Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006)

---

[6]    Further, in considering SpaceX's motion, this Court should discount any time-barred allegations before June 18, 2021 (three years before Plaintiffs exhausted their administrative remedies). *See* Cal. Gov. Code § 12960.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

("It is readily apparent that the continuing violation doctrine cannot save Stanley's quid pro quo sexual harassment claim, as no discrete acts of sexual harassment occurred within the limitations period."). To the extent she argues that her alleged knowledge of Elon Musk's social media feed was a continuing violation, her argument fails. First, that purported conduct is wholly unrelated to the condut alleged in her Fourth Cause of Action, and second, as explained above, Musk's public social media feed cannot support a claim for harassment. Accordingly, Mallon's sexual harassment claim must be compelled to arbitration.

## 4. **Plaintiff Lawrence Does Not Plead a Harassment Claim**

Lastly, Lawrence does not plead any harassment claim against SpaceX. *See generally*, Complaint. Because this is a threshold requirement of the EFAA, Lawrence's claims must proceed in arbitration.

## F. **The Court Should Stay This Action Pending Arbitration**

For the reasons set forth above, all of Plaintiffs' claims should be compelled to arbitration. But even if the EFAA applied to their purported sexual harassment claims, it would not apply to any of their other claims. *See Johannessen* v. *Juul Labs, Inc.*, No. 3:23-CV-03681-JD, 2024 WL 3173286 (N.D. Cal. June 24, 2024) (compelling arbitration and holding the EFAA inapplicable because plaintiff "allege[d] discrimination or gender bias by the employer for pleading purposes, but not sexual harassment in interpersonal relationships at work"). That is true even of the discrimination claims because the FEHA and California law provide distinct causes of action for Plaintiffs' myriad grievances. *See Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 460 n.5 (2005) ("Claims for sexual discrimination and sexual harassment are distinct causes of action, each arising from different provisions of the FEHA.").

Plaintiffs' Complaint contains six causes of action that are unrelated to sexual harassment. For example, Plaintiffs allege that SpaceX wrongfully terminated Plaintiffs in violation of public policy, violated the Section 1102.5 of the

18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

California Labor Code and Section 17200 of the California Business and Professions Code, discriminated against them on the basis of gender and retaliated against them for complaining about the termination of their colleagues' employment. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996) ("significant distinction underlies the differential treatment of harassment and discrimination in the FEHA" because harassment, unlike discrimination, "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management"); *Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174, 1188 (2004) (harassment and retaliation are "two separate and distinct grounds for liability" that constitutes "separate cause[s] of action").[7] These claims must be compelled to arbitration notwithstanding the EFAA.

The FAA authorizes federal courts to stay the entire proceeding pending completion of the arbitration. 9 U.S.C. § 3; *see also, Smith v. Spizzirri, et al.*, 601 U.S. 472 (2024) (holding the FAA compels the court to stay the proceeding when a dispute is subject to arbitration). Thus, this Court should stay the entire judicial proceedings pending arbitration. Alternatively, if the Court finds any of the sexual harassment claims should survive, the Court should sever them from Plaintiffs' remaining arbitrable employment causes of action, order all of Plaintiffs' remaining arbitrable claims to arbitration, and stay further judicial proceedings of any sexual harassment claim, in accordance with the Court's inherent authority to manage litigation. *See Mera v. SA Hospitality Group, LLC,* 675 F. Supp. 3d 442, 448 (S.D.N.Y. 2023) (severing and staying non-arbitrable sexual harassment claims pursuant to the EFAA).

The Court should further stay the harassment claim for judicial economy because the arbitration would streamline the proceedings and avoid duplicate

---

[7]    *See e.g., Mera v. SA Hospitality Group, LLC*, 675 F. Supp. 3d 442 (S.D.N.Y. 2023) (severing and compelling wage-and-hour claims to arbitration despite sexual harassment claims being alleged).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

efforts for this Court, Plaintiffs, and SpaceX. *Vance v. Google LLC*, No. 5:20-CV-04696-BLF, 2021 WL 534363, at *6 (N.D. Cal. Feb. 12, 2021) (judicial economy "is the primary basis courts consider when ruling on motions to stay."); *Gabriella v. Recology Inc.*, No. 21-CV-08460-HSG, 2022 WL 6271866, at *5 (N.D. Cal. Sept. 9, 2022) (staying non-arbitrable claim because "allowing the arbitration to proceed first could streamline the case and ultimately conserve the parties' and Court's resources").  Additionally, staying a single potential harassment claim, if it remains in court, would avoid conflicting rulings. *Fed. Ins. Co. v. Superior Court*, 60 Cal.App.4th 1370, 1375 (1998) ("In the absence of a stay, the continuation of the proceedings in the trial court disrupts the arbitration proceedings and can render them ineffective."); *Franco v. Arakelian Enterprises, Inc.*, 234 Cal. App. 4th 947, 965-66 (2015) (stay of civil action pending arbitration is critical to protect the status quo until arbitration is resolved).

Finally, a stay of any sexual harassment claim would not cause irreparable harm to all Plaintiffs because any delay that may be caused on one claim is not unfairly prejudicial to Plaintiffs. *See e.g.*, *Johnson v. Starbucks Corp.*, No. 18-CV-06842-KAW, 2019 WL 3220273, at *2 (N.D. Cal. July 17, 2019) ("[d]elay alone is typically insufficient where there is no showing of irreparable damage or injury"); *Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1076 (N.D. Cal. 2020) ("[w]hile a stay will cause some delay, that delay will not be unfairly prejudicial."). Specifically, a stay would not affect Plaintiff's abilities to litigate their claims in court, if they so desired, following arbitration.  Thus, even in the alternative if the Court does not order <u>all</u> of Plaintiffs' claims to arbitration, the Court should still stay the entirety of this Action pending the outcome of arbitration.

## IV. <u>CONCLUSION</u>

For all these reasons, SpaceX respectfully request that the Court compel Plaintiffs' claims to arbitration and stay this action in its entirety.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

Dated: September 9, 2024                    Respectfully Submitted,

                                          MORGAN, LEWIS & BOCKIUS LLP

                                   By  */s/ Karen Y. Cho*
                                           Jennifer B. Zargarof
                                           Karen Y. Cho
                                           Attorneys for Defendant
                                           SPACE EXPLORATION
                                           TECHNOLOGIES CORP.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO