MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
Karen Y. Cho, Bar No. 274810
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501
jennifer.zargarof@morganlewis.com
karen.cho@morganlewis.com

Attorneys for Defendant
SPACE EXPLORATION TECHNOLOGIES
CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE HOLLAND-THIELEN, an individual; YAMAN ABDULHAK, an individual; SCOTT BECK, an individual; REBEKAH CLARK, an individual; DEBORAH LAWRENCE, an individual; CLAIRE MALLON, an individual, TOM MOLINE, an individual and ANDRE NADEAU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORPORATION dba SPACEX, a Texas Corporation; and ELON MUSK, an individual,<br><br>Defendant. | Case No.  2:24-CV-06972-CAS-RAO<br><br>**DECLARATION OF LINDSAY CHAPMAN IN SUPPORT OF DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Date Action Filed: |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF LINDSAY CHAPMAN
CASE NO. 2:24-CV-6972-CAS-RAO

## **DECLARATION OF LINDSAY CHAPMAN**

I, Lindsay Chapman, hereby declare:

1.     I am the Sr. Director, Human Resources for Defendant Space Exploration Technologies Corp. ("SpaceX"). I make this declaration in support of Defendants' Motion to Compel Arbitration of Plaintiff's Claims and Stay Action. If called as a witness, I could and would testify to the facts stated in this declaration, all of which are within my personal knowledge.

2.     In my capacity as Sr. Director, Human Resources, I have access to employee personnel records and files, which includes, without limitation, onboarding documents, communications, arbitration agreements and related audit trails, general personnel documents, sabbatical requests, and job and supervisor change information, which SpaceX maintains in the ordinary course of business as business records. Prior to preparing this declaration, I reviewed the personnel records for Plaintiffs Paige Holland-Thielen, Yaman Abdulhak, Scott Beck, Rebekah Clark, Deborah Lawrence, Claire Mallon, Tom Moline, and André Nadeau (collectively, "Plaintiffs").

3.     SpaceX has permanent operations in multiple states, including its headquarters, a test site, a launch facility, and manufacturing facilities in Texas; offices and manufacturing facilities in Washington; multiple launch sites in Florida; manufacturing facilities and a launch site in California; a parachute manufacturing facility in Connecticut; and offices in Washington, DC. SpaceX conducts business across multiple state lines and across international borders.

4.     As a condition of employment at SpaceX, all employees, including Plaintiffs, are required to sign an arbitration agreement whereby employees and SpaceX agree to resolve all disputes in binding arbitration.

5.     After reviewing the Plaintiffs' personnel records, and based on the face of the records and SpaceX's ordinary business information, it is apparent that:

     a.     On March 14, 2018, upon accepting an offer of employment

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

NOTICE OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-6972-CAS-RAO

from SpaceX and before performing work for SpaceX, Ms. Holland-Thielen agreed to be bound by the four-page, standalone Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver ("Arbitration Agreement"). Attached hereto and incorporated herein as **Exhibit A** is a true and correct copy of the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver that Ms. Holland-Thielen signed on March 14, 2018.

b.      On February 22, 2018, upon accepting an offer of employment from SpaceX and before performing work for SpaceX, Mr. Abdulhak agreed to be bound by the four-page, standalone Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver ("Arbitration Agreement"). Attached hereto and incorporated herein as **Exhibit B** is a true and correct copy of the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver Mr. Abdulhak signed on February 22, 2018.

c.      On December 13, 2014, upon accepting an offer of employment from SpaceX and before performing work for SpaceX, Mr. Beck agreed to be bound by the four-page, standalone Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver ("Arbitration Agreement"). Attached hereto and incorporated herein as **Exhibit C** is a true and correct copy of the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver that Mr. Beck signed on December 13, 2014.

d.      On May 27, 2021, upon accepting an offer of employment from SpaceX and before performing work for SpaceX, Ms. Clark agreed to be bound by the four-page, standalone Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver ("Arbitration Agreement"). Attached hereto and incorporated herein as **Exhibit D** is a true and correct copy of the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver that Ms. Clark signed on May 27, 2021.

e.      On June 9, 2018, upon accepting an offer of employment from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DECLARATION OF LINDSAY CHAPMAN
CASE NO. 2:24-CV-6972-CAS-RAO

1  SpaceX and before performing work for SpaceX, Ms. Lawrence agreed to be bound

2  by the four-page, standalone Employee Arbitration and Dispute Resolution

3  Agreement and Class Action Waiver ("Arbitration Agreement"). Attached hereto

4  and incorporated herein as **Exhibit E** is a true and correct copy of the Employee

5  Arbitration and Dispute Resolution Agreement and Class Action Waiver that

6  Ms. Lawrence signed on June 9, 2019.

7        f.     On February 19, 2016, upon accepting an offer of employment

8  from SpaceX and before performing work for SpaceX, Ms. Mallon agreed to be

9  bound by the four-page, standalone Employee Arbitration and Dispute Resolution

10  Agreement and Class Action Waiver ("Arbitration Agreement"). Attached hereto

11  and incorporated herein as **Exhibit F** is a true and correct copy of the Employee

12  Arbitration and Dispute Resolution Agreement and Class Action Waiver that

13  Ms. Mallon signed on February 19, 2016.

14        g.     On April 17, 2014, upon accepting an offer of employment from

15  SpaceX and before performing work for SpaceX, Mr. Moline agreed to be bound by

16  the four-page, standalone Employee Arbitration and Dispute Resolution Agreement

17  and Class Action Waiver ("Arbitration Agreement"). Attached hereto and

18  incorporated herein as **Exhibit G** is a true and correct copy of the Employee

19  Arbitration and Dispute Resolution Agreement and Class Action Waiver that

20  Mr. Moline signed on April 17, 2014.

21        h.     On September 29, 2021, upon accepting an offer of employment

22  from SpaceX and before performing work for SpaceX, Mr. Nadeau agreed to be

23  bound by the four-page, standalone Employee Arbitration and Dispute Resolution

24  Agreement and Class Action Waiver ("Arbitration Agreement"). Attached hereto

25  and incorporated herein as **Exhibit H** is a true and correct copy of the Employee

26  Arbitration and Dispute Resolution Agreement and Class Action Waiver that

27  Mr. Nadeau signed on September 29, 2021.

28       6.     I declare under penalty of perjury that the foregoing is true and correct

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DECLARATION OF LINDSAY CHAPMAN
CASE NO. 2:24-CV-6972-CAS-RAO

1    to the best of my knowledge.

2    Executed on September 9, 2024, at Hawthorne, California.

3

4    Lindsay Chapman

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DECLARATION OF LINDSAY CHAPMAN
CASE NO. 2:24-CV-6972-CAS-RAO

# **Exhibit A**

**EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT**

**AND CLASS ACTION WAIVER**

As a condition of my becoming employed (or my employment being continued) by Space Exploration Technologies Corp., a Delaware corporation, and any of its current or future subsidiaries, affiliates, successors or assigns (collectively, "SpaceX") (SpaceX and I, collectively, the "Parties"), and in consideration of my employment relationship with the SpaceX and my receipt of the compensation now and hereafter paid to me by SpaceX, I agree to the following:

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between us;

NOW THEREFORE, in consideration and as a condition of being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, I agree that:

1. The Parties shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, EACH PARTY WAIVES THE RIGHT TO EITHER A JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM.

2. Any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by SpaceX or me, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this Section 2 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California Supreme Court in Iskanian v. CLS Transportation is overturned, modified, or rendered inapplicable by legislation, regulation, intervening case law or otherwise, in which case Section 2 shall apply to claims brought pursuant to PAGA.

3. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the PAGA; claims under the California Labor Code or any Wage Order, including any claims brought by me related to wages, expenses, meal or rest periods or any unpaid compensation or penalties for missed meal or rest periods, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional

1

or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

4. Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jamsadr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

   a. If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

   b. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction.  The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

   c. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

   d. The decision or award of the arbitrator shall be final and binding upon the Parties.

   e. Arbitration will occur in the state of the SpaceX facility in which I primarily work or in the case that I work remotely, the state of the SpaceX facility in which my supervisor(s) work(s). Where the facility is in Hawthorne or Los Angeles, California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor, Texas or Brownsville, Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

5.  Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

6.  SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against me for engaging in concerted activity.

7.  SpaceX will be responsible for all arbitration fees, except I will be required to pay up to the amount I would have been required to pay the applicable lower court in order to file a civil complaint.  Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise.  If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

8.  The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

9.  The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, I am free to resign at any time.

Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

10. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

11. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C. sections 1-14) ("FAA") and will be construed and governed accordingly. It is the Parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

12. This Agreement may be modified only in a writing signed by me and a Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

/ / /

/ / /

3

**BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS. I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTITICPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004. I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

**Employee**

By (print name):     Paige Thielen

Name (signature):     _Paige Thielen_
                      Paige Thielen (Mar 14, 2018)

Date:     Mar 14, 2018

4

# Exhibit B

**EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT**

**AND CLASS ACTION WAIVER**

As a condition of my becoming employed (or my employment being continued) by Space Exploration Technologies Corp., a Delaware corporation, and any of its current or future subsidiaries, affiliates, successors or assigns (collectively, "SpaceX") (SpaceX and I, collectively, the "Parties"), and in consideration of my employment relationship with the SpaceX and my receipt of the compensation now and hereafter paid to me by SpaceX, I agree to the following:

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between us;

NOW THEREFORE, in consideration and as a condition of being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, I agree that:

1. The Parties shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, EACH PARTY WAIVES THE RIGHT TO EITHER A JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM.

2. Any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by SpaceX or me, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this Section 2 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California Supreme Court in Iskanian v. CLS Transportation is overturned, modified, or rendered inapplicable by legislation, regulation, intervening case law or otherwise, in which case Section 2 shall apply to claims brought pursuant to PAGA.

3. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the PAGA; claims under the California Labor Code or any Wage Order, including any claims brought by me related to wages, expenses, meal or rest periods or any unpaid compensation or penalties for missed meal or rest periods, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional

1

or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

4. Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jamsadr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

   a. If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

   b. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction.  The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

   c. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

   d. The decision or award of the arbitrator shall be final and binding upon the Parties.

   e. Arbitration will occur in the state of the SpaceX facility in which I primarily work or in the case that I work remotely, the state of the SpaceX facility in which my supervisor(s) work(s). Where the facility is in Hawthorne or Los Angeles, California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor, Texas or Brownsville, Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

5.  Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

6.  SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against me for engaging in concerted activity.

7.  SpaceX will be responsible for all arbitration fees, except I will be required to pay up to the amount I would have been required to pay the applicable lower court in order to file a civil complaint.  Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise.  If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

8.  The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

9.  The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, I am free to resign at any time.

Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

10. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

11. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C. sections 1-14) ("FAA") and will be construed and governed accordingly. It is the Parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

12. This Agreement may be modified only in a writing signed by me and a Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

/ / /

/ / /

**BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS. I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTITICPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004. I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**


**Employee**


By (print name):    Yaman Abdulhak


Name (signature):    *Yaman Abdulhak*
Yaman Abdulhak (Feb 22, 2018)


Date:    Feb 22, 2018


4

# Exhibit C

**EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT**

This Arbitration and Dispute Resolution Agreement ("Agreement") is entered into as of this $\overline{13}^{th}$ day of _December_, 201 4, (the "Effective Date"), by and between SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation with offices located at 1 Rocket Road, Hawthorne, CA 90250 ("SpaceX"), and _Scott Daniel Beck_, an individual with a contingent offer of employment from SpaceX ("Employee") (SpaceX and Employee, each a "Party" and collectively the "Parties").

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between them and therefore agree as follows:

1. In consideration and as a condition of Employee's being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, the Parties agree that:

   a. Employee and SpaceX shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, **EACH PARTY WAIVES THE RIGHT TO EITHER JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM**; and

   b. any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by Employee or SpaceX, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this subsection (b) of Section 1 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California Supreme Court in *Iskanian v. CLS Transportation* is overturned, modified, or rendered inapplicable by legislation, regulation, intervening case law or otherwise, in which case subsection (b) of Section 1 shall apply to claims brought pursuant to PAGA.

2. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the

PAGA; claims under the California Labor Code or any Wage Order, including any claims brought by the Employee related to wages, expenses, meal or rest breaks or any unpaid compensation or penalties for missed meal or rest breaks, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

3. Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jams.adr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

   a. If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

   b. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

   c. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

   d. The decision or award of the arbitrator shall be final and binding upon the Parties.

   e. Arbitration will occur in the state of the SpaceX facility in which Employee works or in the case that Employee works remotely, the state of the SpaceX facility in which Employee's supervisor(s) work. Where the facility is in Hawthorne or Los Angeles California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor Texas or

Brownsville Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

4. Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

5. SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against Employee for engaging in concerted activity.

6. SpaceX will be responsible for all arbitration fees, except Employee will be required to pay up to the amount Employee would have been required to pay the Superior Court in order to file a civil complaint in the Superior Courts. Each side shall pay its own costs and attorney fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorney fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

7. The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

8. The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, Employee is free to resign at any time. Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

9. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

10. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C., Sections 1-14) ("FAA") and will be construed and governed accordingly. It is the parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

11. This Agreement may be modified only in a writing signed by the Employee and the Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

13

BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS.    I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTITICPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004.    I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER.    I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.

_Scott Daniel Beck_
Employee

_Signature_    12/13 , 2014
                 Date

Brian Bjelde, VP of Human Resources
SpaceX

_Signature_      12/15 , 2014
                 Date

14

# Exhibit D

## EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT
## AND CLASS ACTION WAIVER

As a condition of my becoming employed (or my employment being continued) by Space Exploration Technologies Corp., a Delaware corporation, and any of its current or future subsidiaries, affiliates, successors or assigns (collectively, "SpaceX") (SpaceX and I, collectively, the "Parties"), and in consideration of my employment relationship with the SpaceX  and my receipt of the compensation now and hereafter paid to me by SpaceX, I agree to the  following:

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between us;

NOW THEREFORE, in consideration and as a condition of being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, I agree that:

1.  The Parties shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, **EACH PARTY WAIVES THE RIGHT TO EITHER A JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM**.

2.  Any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by SpaceX or me, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this Section 2 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California  Supreme Court in *Iskanian v. CLS Transportation* is overturned, modified, or rendered  inapplicable by legislation, regulation, intervening case law or otherwise, in which case  Section 2 shall apply to claims brought pursuant to PAGA.

3.  A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the  PAGA; claims under the California Labor Code or any Wage Order, including any claims  brought by me related to wages, expenses, meal or rest periods or any unpaid compensation

or penalties for missed meal or rest periods, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

4. Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jamsadr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

   a. If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

   b. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

   c. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

   d. The decision or award of the arbitrator shall be final and binding upon the Parties.

   e. Arbitration will occur in the state of the SpaceX facility in which I primarily work or in the case that I work remotely, the state of the SpaceX facility in which my supervisor(s) work(s). Where the facility is in Hawthorne or Los Angeles, California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor, Texas or Brownsville, Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

2

5.  Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

6.  SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against me for engaging in concerted activity.

7.  SpaceX will be responsible for all arbitration fees, except I will be required to pay up to the amount I would have been required to pay the applicable lower court in order to file a civil complaint. Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

8.  The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

9.  The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, I am free to resign at any time. Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

10. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

11. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C. sections 1-14) ("FAA") and will be construed and governed accordingly. It is the Parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

12. This Agreement may be modified only in a writing signed by me and a Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

/ / /

/ / /

**BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS. I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTICIPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004. I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

**Employee**

By (print name):    Rebekah Clark

Name (signature):    *Rebekah Clark*
Rebekah Clark (May 27, 2021 01:02 EDT)

Date:    May 27, 2021

4

# Exhibit E

**EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT**

**AND CLASS ACTION WAIVER**

As a condition of my becoming employed (or my employment being continued) by Space Exploration Technologies Corp., a Delaware corporation, and any of its current or future subsidiaries, affiliates, successors or assigns (collectively, "SpaceX") (SpaceX and I, collectively, the "Parties"), and in consideration of my employment relationship with the SpaceX and my receipt of the compensation now and hereafter paid to me by SpaceX, I agree to the following:

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between us;

NOW THEREFORE, in consideration and as a condition of being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, I agree that:

1. The Parties shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, EACH PARTY WAIVES THE RIGHT TO EITHER A JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM.

2. Any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by SpaceX or me, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this Section 2 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California Supreme Court in Iskanian v. CLS Transportation is overturned, modified, or rendered inapplicable by legislation, regulation, intervening case law or otherwise, in which case Section 2 shall apply to claims brought pursuant to PAGA.

3. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the PAGA; claims under the California Labor Code or any Wage Order, including any claims brought by me related to wages, expenses, meal or rest periods or any unpaid compensation or penalties for missed meal or rest periods, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional

1

or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

4.  Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jamsadr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

    a.  If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

    b.  The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction.  The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

    c.  The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

    d.  The decision or award of the arbitrator shall be final and binding upon the Parties.

    e.  Arbitration will occur in the state of the SpaceX facility in which I primarily work or in the case that I work remotely, the state of the SpaceX facility in which my supervisor(s) work(s). Where the facility is in Hawthorne or Los Angeles, California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor, Texas or Brownsville, Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

5.  Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

6.  SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against me for engaging in concerted activity.

7.  SpaceX will be responsible for all arbitration fees, except I will be required to pay up to the amount I would have been required to pay the applicable lower court in order to file a civil complaint.  Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise.  If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

8.  The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

9.  The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, I am free to resign at any time.

Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

10. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

11. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C. sections 1-14) ("FAA") and will be construed and governed accordingly. It is the Parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

12. This Agreement may be modified only in a writing signed by me and a Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

/ / /

/ / /

**BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS. I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTITICPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004. I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

**Employee**

By (print name):    Deborah Lawrence

Name (signature):    *Deborah Lawrence*
Deborah Lawrence [ Jun 9, 2018]

Date:    Jun 9, 2018

4

# Exhibit F

**EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT**

This Arbitration and Dispute Resolution Agreement ("Agreement") is entered into as of this 19th day of February, 2016, (the "Effective Date"), by and between SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation with offices located at 1 Rocket Road, Hawthorne, CA 90250 ("SpaceX"), and _Claire Mallon_, an individual with a contingent offer of employment from SpaceX ("Employee") (SpaceX and Employee, each a "Party" and collectively the "Parties").

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between them and therefore agree as follows:

1. In consideration and as a condition of Employee's being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, the Parties agree that:

   a. Employee and SpaceX shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, **EACH PARTY WAIVES THE RIGHT TO EITHER JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM; and**

   b. any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by Employee or SpaceX, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this subsection (b) of Section 1 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California Supreme Court in *Iskanian v. CLS Transportation* is overturned, modified, or rendered inapplicable by legislation, regulation, intervening case law or otherwise, in which case subsection (b) of Section 1 shall apply to claims brought pursuant to PAGA.

2. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the

PAGA; claims under the California Labor Code or any Wage Order, including any claims brought by the Employee related to wages, expenses, meal or rest breaks or any unpaid compensation or penalties for missed meal or rest breaks, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

3. Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jams.adr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

    a. If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

    b. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

    c. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

    d. The decision or award of the arbitrator shall be final and binding upon the Parties.

    e. Arbitration will occur in the state of the SpaceX facility in which Employee works or in the case that Employee works remotely, the state of the SpaceX facility in which Employee's supervisor(s) work. Where the facility is in Hawthorne or Los Angeles California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor Texas or

Brownsville Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

4. Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint.  However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

5. SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against Employee for engaging in concerted activity.

6. SpaceX will be responsible for all arbitration fees, except Employee will be required to pay up to the amount Employee would have been required to pay the Superior Court in order to file a civil complaint in the Superior Courts.  Each side shall pay its own costs and attorney fees, if any, unless the arbitrator rules otherwise.  If the applicable law affords the prevailing party attorney fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

7. The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

8. The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, Employee is free to resign at any time. Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

9. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

10. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C., Sections 1-14) ("FAA") and will be construed and governed accordingly.  It is the parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

11. This Agreement may be modified only in a writing signed by the Employee and the Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

13

BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS.   I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTITICPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004.   I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER.   I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.

Claire Mallon
Employee

Signature                                    02/19 ,2016
                                             Date

Brian Bjelde, VP of Human Resources
SpaceX

Signature                                    2/24/ ,20 16
                                             Date

# Exhibit G

## EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT

This Arbitration and Dispute Resolution Agreement ("Agreement") is entered into as of this __17__ day of __April__, 201__4__, (the "Effective Date"), by and between SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation with offices located at 1 Rocket Road, Hawthorne, CA 90250 ("SpaceX"), and ___Thomas A Moline___, an individual with a contingent offer of employment from SpaceX ("Employee") (SpaceX and Employee, each a "Party" and collectively the "Parties").

WHEREAS, the Parties wish fairly and quickly to resolve any disputes that may arise in the context of their employment relationship and therefore agree as follows:

1. In consideration of and as a condition of Employee's being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, the Parties agree that:

    a. each Party shall use final and binding arbitration before a single, neutral arbitrator to pursue any Covered Claim and thus each Party waives the right to either jury or bench trial as to any Covered Claim, and

    b. any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by Employee or SpaceX, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding.

2. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the California Private Attorneys General Act of 2004; claims under the California Labor Code or any Wage Order, including any claims brought by the Employee related to wages, expenses, meal or rest breaks or any unpaid compensation or penalties for missed meal or rest breaks, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

3. Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jams.adr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

    a. If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

    b. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

    c. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

    d. The decision or award of the arbitrator shall be final and binding upon the Parties.

    e. Arbitration will occur in the state of the SpaceX facility in which Employee works or in the case that Employee works remotely, the state of the SpaceX facility in which Employee's supervisor(s) work. Where the facility is in Hawthorne, California or Los Angeles, California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor, Texas or Brownsville, Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

4. Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

5. Except for the equivalent court filing fees, SpaceX will be responsible for any arbitration fees. Each side shall pay its own costs and attorney fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorney fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

6. The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims or, if no statutory limitation is applicable, within one year of the conduct that forms the basis of the claim.

7. The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Since employment with SpaceX is voluntarily entered into and remains at will, Employee is free to resign at any time. Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

8. This Agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C., Sections 1-14) ("FAA") and will be construed and governed accordingly. It is the parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

9. This Agreement may be modified only in a writing signed by the Employee and SpaceX's Vice President of Human Resources (or other authorized officer of SpaceX), stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

**BY SIGNING BELOW, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS. I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTITICPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING. I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

Thomas A Moline
**Employee**

Signature

4/17, 20 14
Date

Jeff Perkins, VP of Human Resources
**SpaceX**

Signature

4/18, 20 14
Date

3

# Exhibit H

**EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT
AND CLASS ACTION WAIVER**

As a condition of my becoming employed (or my employment being continued) by Space Exploration Technologies Corp., a Delaware corporation, and any of its current or future subsidiaries, affiliates, successors or assigns (collectively, "SpaceX") (SpaceX and I, collectively, the "Parties"), and in consideration of my employment relationship with the SpaceX and my receipt of the compensation now and hereafter paid to me by SpaceX, I agree to the following:

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between us;

NOW THEREFORE, in consideration and as a condition of being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, I agree that:

1. The Parties shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, **EACH PARTY WAIVES THE RIGHT TO EITHER A JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM**.

2. Any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by SpaceX or me, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this Section 2 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California Supreme Court in *Iskanian v. CLS Transportation* is overturned, modified, or rendered inapplicable by legislation, regulation, intervening case law or otherwise, in which case Section 2 shall apply to claims brought pursuant to PAGA.

3. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the PAGA; claims under the California Labor Code or any Wage Order, including any claims brought by me related to wages, expenses, meal or rest periods or any unpaid compensation

or penalties for missed meal or rest periods, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

4. Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jamsadr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

   a. If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

   b. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

   c. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

   d. The decision or award of the arbitrator shall be final and binding upon the Parties.

   e. Arbitration will occur in the state of the SpaceX facility in which I primarily work or in the case that I work remotely, the state of the SpaceX facility in which my supervisor(s) work(s). Where the facility is in Hawthorne or Los Angeles, California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor, Texas or Brownsville, Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

2

5.  Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

6.  SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against me for engaging in concerted activity.

7.  SpaceX will be responsible for all arbitration fees, except I will be required to pay up to the amount I would have been required to pay the applicable lower court in order to file a civil complaint. Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

8.  The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

9.  The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, I am free to resign at any time. Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

10. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

11. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C. sections 1-14) ("FAA") and will be construed and governed accordingly. It is the Parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

12. This Agreement may be modified only in a writing signed by me and a Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

/ / /

/ / /

3

**BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS. I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTICIPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004. I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

**Employee**

By (print name):     Andre Nadeau

Name (signature):     *Andre Nadeau*
Andre Nadeau (Sep 29, 2021 10:56 EDT)

Date:     Sep 29, 2021

4