MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
Karen Y. Cho, Bar No. 274810
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501
jennifer.zargarof@morganlewis.com
karen.cho@morganlewis.com

Attorneys for Defendant
SPACE EXPLORATION TECHNOLOGIES CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE HOLLAND-THIELEN, an individual; YAMAN ABDULHAK, an individual; SCOTT BECK, an individual; REBEKAH CLARK, an individual; DEBORAH LAWRENCE, an individual; CLAIRE MALLON, an individual, TOM MOLINE, an individual and ANDRE NADEAU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORPORATION dba SPACEX, a Texas Corporation; and ELON MUSK, an individual,<br><br>Defendant. | Case No. 2:24-CV-06972-CAS-RAO<br><br>**DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Date Action Filed: |

# DECLARATION OF KAREN Y. CHO

I, Karen Y. Cho, hereby declare:

1. I am an attorney at Morgan, Lewis & Bockius LLP, and attorney of record for Defendant Space Exploration Technologies Corp. ("SpaceX" or "Defendant") in the above-captioned matter. I make this declaration in support of Defendant's Motion to Compel Arbitration. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2. In my position as an attorney, I have access to the case files for this matter and I have reviewed those records in preparation of this Declaration.

3. On July 17, 2024, I sent the Employee Arbitration and Dispute Resolution Agreements and Class Action Waivers ("Arbitration Agreements") that Plaintiffs Paige Holland-Thielen, Yaman Abdulhak, Scott Beck, Rebekah Clark, Deborah Lawrence, Claire Mallon, Tom Moline, and André Nadeau (collectively, "Plaintiffs") signed upon accepting an offer of employment from SpaceX, to their counsel, Anne Shaver of Lieff, Cabraser, Heimann & Bernstein. Ms. Shaver had previously indicated she could be opposing any motion to compel arbitration, but I requested that Plaintiffs submit any claims to JAMS arbitration, as Plaintiffs agreed to do. A true and correct copy of my email to Ms. Shaver is attached hereto as **Exhibit A**. (A true and correct copy of the Arbitration Agreements signed by Plaintiffs, are attached to the Declaration of Lindsay Chapman filed concurrently with SpaceX's Motion to Compel Arbitration and is incorporated herein by reference, and were not included here to avoid unnecessary duplication. The incorporation of the Arbitration Agreement applies throughout this Declaration, including as to Paragraphs 6 and 7.)

4. Instead of submitting their claims to arbitration pursuant to the Arbitration Agreement, Plaintiffs filed their claims in Los Angeles Superior Court ("LASC") on June 12, 2024.

5. On August 16, 2024, SpaceX removed the case to this Court.

6. On August 29, 2024, my colleague Jennifer Zargarof and I further met and conferred with Ms. Shaver and her colleague, Laurie Burgess, pursuant to Local Rule 7-3. During that conference, SpaceX's counsel requested that Plaintiffs submit their claims to arbitration, or at the least, to submit any non-objectionable claims to arbitration to narrow the scope of SpaceX's Motion to Compel Arbitration. Plaintiffs' counsel refused to submit any claims to arbitration. A true and correct copy of the meet and confer exchange with Plaintiffs' counsel, Ms. Shaver, is attached hereto as **Exhibit B**.

7. The Arbitration Agreement Plaintiff signed expressly incorporates the JAMS Rules. On September 3, 2024, I visited the JAMS website and accessed the Employment Arbitration Rules & Procedures and reviewed Rule 17 of such rules, which can be found at <https://www.jamsadr.com/rules-employment-arbitration/english#Rule-17>. In particular, JAMS Rule 17 outlines the requirements for exchanging information and documents as well as the deposition rules. A true and correct copy of JAMS Employment Arbitration Rules & Procedures, Rule 17, is attached hereto as **Exhibit C.**

8. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on September 9, 2024, at Los Angeles, California.

                                                         */s/ Karen Y. Cho*
                                                             Karen Y. Cho

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF KAREN Y. CHO
CASE NO. 2:24-CV-6972-CAS-RAO

# EXHIBIT A

| | |
|---|---|
| **From:** | Cho, Karen Y. |
| **Sent:** | Wednesday, July 17, 2024 9:15 PM |
| **To:** | Shaver, Anne B.; Keenley, Elizabeth; Zargarof, Jennifer B. |
| **Cc:** | 'l burgess' |
| **Subject:** | RE: Holland-Thielen, et al. v. SpaceX, et ano., No. 24STCV14693 (Cal. Super. Ct. L.A. Cnty.) |
| **Attachments:** | Arbitration Agreement (Onboarding)-Lawrence_Deborah.pdf; Arbitration Agreement (Onboarding)-Mallon_Claire.pdf; Arbitration Agreement (Onboarding)-Moline_Thomas.pdf; Arbitration Agreement (Onboarding)-Nadeau_Andre.pdf; Arbitration Agreement (Onboarding)-Thielen_Paige.pdf; Arbitration Agreement (Onboarding)-Abdulhak_Yaman.pdf; Arbitration Agreement (Onboarding)-Beck_Scott.pdf; Arbitration Agreement (Onboarding)-Clark_Rebekah.pdf |

Hi Anne,

We understand that your office went ahead and served SpaceX, so we won't be returning the NAR. Please let us know if that is not the case and you would still like for us to sign and return the NAR.

Separately, we've attached the arbitration agreements for your clients here. We understand you will be opposing our motion to compel arbitration, but please let us know if Plaintiffs will stipulate to arbitration.

Thanks,

**Karen Y. Cho**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7381 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
karen.cho@morganlewis.com | www.morganlewis.com



---

**From:** Shaver, Anne B. <ashaver@lchb.com>
**Sent:** Tuesday, July 2, 2024 9:20 AM
**To:** Keenley, Elizabeth <ekeenley@lchb.com>; Cho, Karen Y. <karen.cho@morganlewis.com>; Zargarof, Jennifer B. <jennifer.zargarof@morganlewis.com>; Mills, Jason S. <jason.mills@morganlewis.com>
**Cc:** 'l burgess' <lburgess@burgess-laborlaw.com>
**Subject:** RE: Holland-Thielen, et al. v. SpaceX, et ano., No. 24STCV14693 (Cal. Super. Ct. L.A. Cnty.)

[EXTERNAL EMAIL]
Counsel,

Please send the receipt of service. In addition, please let us know if you have information regarding Mr. Musk's representation in this matter.

Thank you,
Anne

1

**From:** Keenley, Elizabeth <ekeenley@lchb.com>
**Sent:** Thursday, June 27, 2024 11:01 AM
**To:** 'karen.cho@morganlewis.com' <karen.cho@morganlewis.com>; 'jennifer.zargarof@morganlewis.com' <jennifer.zargarof@morganlewis.com>; 'jason.mills@morganlewis.com' <jason.mills@morganlewis.com>
**Cc:** Shaver, Anne B. <ashaver@lchb.com>; 'l burgess' <lburgess@burgess-laborlaw.com>
**Subject:** Holland-Thielen, et al. v. SpaceX, et ano., No. 24STCV14693 (Cal. Super. Ct. L.A. Cnty.)

Counsel,

Thank you for agreeing to accept service for Defendant Space Exploration Technologies Corp. Please sign and return the attached Acknowledgment of Receipt at your earliest convenience.

Thank you.

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Elizabeth Keenley**
Senior Paralegal
ekeenley@lchb.com
t 415.956.1000
f 415.956.1008
Pronouns: she/her/hers

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

# EXHIBIT B

| | |
|---|---|
| **From:** | Shaver, Anne B. <ashaver@lchb.com> |
| **Sent:** | Thursday, August 29, 2024 12:31 PM |
| **To:** | Cho, Karen Y.; 'l burgess'; Keenley, Elizabeth |
| **Cc:** | Zargarof, Jennifer B. |
| **Subject:** | RE: [EXT] SpaceX - Motion to Compel Arbitration |

[EXTERNAL EMAIL]

Karen, Jennifer - thanks for your time today to discuss our respective anticipated motions.

With respect to your Notice of Removal, we advised that we did not believe that you alleged facts that would support diversity jurisdiction and you disagreed.

With respect to your anticipated Motion to Compel Arbitration, we advised that we would not agree with your Motion because all of the claims are covered under the EFAA -- including those of the male plaintiffs, Mallon and Lawrence.  We separately believe that the agreement is substantively and procedurally unconscionable.  As to the latter argument, we noted as an example that the contract is one of adhesion.  You stated that "all" contracts are one of adhesion, but as we said, the assessment of this and other elements is very fact specific.  We believe that here the unconscionability is particularly strong as there was no opportunity to negotiate the terms. As we emphasized during the call, our primary focus/basis for contesting your forthcoming motion is the EFAA. As to the male plaintiffs and Lawrence, retaliation for reporting sexual harassment is within the scope of the EFAA, and Mallon's claims are timely under the continuing violation doctrine. *See Olivieri v. Stifel, Nicolaus, & Co. et. al.*, 23-658-cv (2d Cir. Aug. 12, 2004).

If it appears, as we move forward, that any resolution can be reached regarding the above matters, we remain willing to speak with you any time.

Many thanks for your continued cooperation in handling these matters.

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Anne B. Shaver**
ashaver@lchb.com
t 415.956.1000
f 415.956.1008
Pronouns: she/her/hers

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

---

**From:** Cho, Karen Y. <karen.cho@morganlewis.com>
**Sent:** Monday, August 26, 2024 9:35 PM
**To:** Shaver, Anne B. <ashaver@lchb.com>; 'l burgess' <lburgess@burgess-laborlaw.com>; Keenley, Elizabeth <ekeenley@lchb.com>
**Cc:** Zargarof, Jennifer B. <jennifer.zargarof@morganlewis.com>
**Subject:** RE: [EXT] SpaceX - Motion to Compel Arbitration

Hi Anne,

1

Thursday at 9:30 a.m. works for us. I'll send out a calendar invite.

Thanks,

**Karen Y. Cho**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7381 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
karen.cho@morganlewis.com | www.morganlewis.com



**From:** Shaver, Anne B. <ashaver@lchb.com>
**Sent:** Monday, August 26, 2024 3:03 PM
**To:** Cho, Karen Y. <karen.cho@morganlewis.com>; 'l burgess' <lburgess@burgess-laborlaw.com>; Keenley, Elizabeth <ekeenley@lchb.com>
**Cc:** Zargarof, Jennifer B. <jennifer.zargarof@morganlewis.com>
**Subject:** RE: [EXT] SpaceX - Motion to Compel Arbitration

[EXTERNAL EMAIL]
Karen,

We are available to meet and confer on Wednesday after 2:00 pm PT, or between 9:00 and 4:00 PT on Thursday.

We would also like to use this call to meet and confer with you pursuant to LR 7-3 regarding Plaintiffs' anticipated motion to remand the case to state court.

Anne

**From:** Cho, Karen Y. <karen.cho@morganlewis.com>
**Sent:** Tuesday, August 20, 2024 3:24 PM
**To:** Shaver, Anne B. <ashaver@lchb.com>; 'l burgess' <lburgess@burgess-laborlaw.com>; Keenley, Elizabeth <ekeenley@lchb.com>
**Cc:** Zargarof, Jennifer B. <jennifer.zargarof@morganlewis.com>
**Subject:** [EXT] SpaceX - Motion to Compel Arbitration

Hi Anne,

We had previously reached out to meet and confer regarding SpaceX's anticipated motion to compel arbitration, and you informed us that Plaintiffs will be opposing the motion. Since the parties are required to meet and confer pursuant to LR 7-3, we wanted reach back out to see if Plaintiffs will reconsider arbitrating their claims. We sent the arbitration agreements for each of the Plaintiffs a few weeks ago, so we trust that you have had sufficient time to review them. We are available for a call to discuss—just let us know what dates/times work best for you and we can get something scheduled. We would appreciate hearing back from you by 8/27 either way.

Thanks,

**Karen Y. Cho**

Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7381 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
karen.cho@morganlewis.com | www.morganlewis.com



This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

3

# EXHIBIT C

## Rule 17. Exchange of Information

(a) The Parties shall cooperate in good faith in the voluntary and informal exchange of all non-privileged documents and other information (including electronically stored information ("ESI")) relevant to the dispute or claim immediately after commencement of the Arbitration. They shall complete an initial exchange of all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession or control on which they rely in support of their positions, names of individuals whom they may call as witnesses at the Arbitration Hearing and names of all experts who may be called to testify at the Arbitration Hearing, together with each expert's report, which may be introduced at the Arbitration Hearing, within twenty-one (21) calendar days after all pleadings or notice of claims have been received. The Arbitrator may modify these obligations at the Preliminary Conference.

(b) Each Party may take at least one deposition of an opposing Party or an individual under the control of the opposing Party. The Parties shall attempt to agree on the number, time, location, and duration of the deposition(s). Absent agreement, the Arbitrator shall determine these issues, including whether to grant a request for additional depositions, based upon the reasonable need for the requested information, the availability of other discovery and the burdensomeness of the request on the opposing Parties and the witness.

(c) As they become aware of new documents or information, including experts who may be called upon to testify, all Parties continue to be obligated to provide relevant, non-privileged documents to supplement their identification of witnesses and experts and to honor any informal agreements or understandings between the Parties regarding documents or information to be exchanged. Documents that were not previously exchanged, or witnesses and experts that were not previously identified, may not be considered by the Arbitrator at the Hearing, unless agreed by the Parties or upon a showing of good cause.

(d) The Parties shall promptly notify JAMS when a dispute exists regarding discovery issues. A conference shall be arranged with the Arbitrator, either by telephone or in person, and the Arbitrator shall decide the dispute. With the written consent of all Parties, and in accordance with an agreed written procedure, the Arbitrator may appoint a special master to assist in resolving a discovery dispute.

(e) The Parties may take discovery of third parties with the approval of the Arbitrator.