MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
Karen Y. Cho, Bar No. 274810
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:  +1.213.612.2500
Fax: +1.213.612.2501
jennifer.zargarof@morganlewis.com
karen.cho@morganlewis.com

Attorneys for Defendant
SPACE EXPLORATION TECHNOLOGIES CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE HOLLAND-THIELEN, an individual; YAMAN ABDULHAK, an individual; SCOTT BECK, an individual; REBEKAH CLARK, an individual; DEBORAH LAWRENCE, an individual; CLAIRE MALLON, an individual; TOM MOLINE, an individual; and ANDRE NADEAU, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORPORATION dba SPACEX, a Texas Corporation; and ELON MUSK, an individual,<br><br>Defendant. | Case No. 2:24-CV-06972-CAS-RAO<br><br>**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE OUT OF TIME PURSUANT TO FRCP 6(a)(3)(A), OR IN THE ALTERNATIVE *NUNC PRO TUNC*** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure Rule 6(a)(3)(A), Defendant Space Exploration Technologies Corp. ("SpaceX") will, and hereby does, or in the alternative *nunc pro tunc* (the "Motion"), Defendant Space Exploration Technologies Corp. ("SpaceX" or "Defendant"), by and through its undersigned counsel, hereby moves for leave to have the its papers filed in support of its Opposition to Plaintiffs' Motion to Remand (ECF 27 and 28) (collectively the "Opposition") and Application to Motion to Seal (ECF 26) treated as filed timely. In support of this Motion, Defendant states as follows:

1. Defendant's Opposition was due on September 20, 2024.

2. Defendant's Opposition and all supporting evidence and papers were completed and ready for filing before the deadline, including all of the following: (1) SpaceX's Opposition memorandum; (2) the Declaration of Sheila McCorkle in support of the Opposition; (3) the Declaration of Jamin Gallman in support of the Opposition; (4) the Assistant Secretary Certificate in support of the Opposition; (5) a proposed order denying Plaintiffs' Motion to Remand; (6) SpaceX's Objections to Plaintiffs' Evidence in Support of Motion to Remand; (7) the Application to File Under Seal; (8) the Declaration of Sheila McCorkle in support of the Application to File Under Seal; (9) the Declaration of Karen Y. Cho in support of the Application to File Under Seal along with three exhibits; and (10) a proposed order granting the Application to File Under Seal. (collectively the "Opposition Filings"). Declaration of Joyce M. McCosco ("McCosco Decl."), ¶ 3; Declaration of Karen Y. Cho ("Cho Decl."), ¶ 3.

3. Defendant's Opposition Filings were voluminous and the inclusion of a companion Application to Seal required the preparation and submission of both

redacted and unredacted versions of the Opposition and supporting evidence, which were done before the deadline. Cho Decl., ¶ 4.

4. The Opposition Filings were timely prepared and ready to be uploaded before the applicable 12:00 a.m. deadline. McCosco Decl., ¶ 4; Cho Decl., ¶ 4. However, when counsel for Defendant's highly experience litigation assistant[1] tried to file the Opposition Filings before the September 20, 2024 deadline, using the same filing procedures she had successfully for years used in the past, she received multiple error messages from the Central District of California's ECF system (the "ECF System") and after repeatedly attempting to file the Opposition Filings was locked out of the Pacer entirely because the ECF System went down and became inaccessible. McCosco Decl., ¶ 5; Cho Decl., ¶ 4. Exemplars of screen shots reflecting the error messages Ms. McCosco repeatedly received from the ECF System when trying to timely file the Opposition Filings is included in paragraph 5 of her declaration. McCosco Decl., ¶ 5; Cho Decl., ¶ 4.

5. In an effort to troubleshoot the technical errors with the ECF System and identify the malfunction that was preventing the filing, Ms. McCosco and counsel for Defendant checked the ECF systems for the other courts to determine if they were working or if there was a broader outage. McCosco Decl., ¶ 6; Cho Decl. 5. That due diligence confirmed ECF systems for the Northern District of California, the Southern District of California, the Eastern District of California, the California Bankruptcy Court, and even the Districts Courts in other states such as Texas were working. *Id.* Only the Central District of California's ECF system was malfunctioning and inaccessible to process a timely filing of Defendant's Opposition Filings even though they were ready for filing before the deadline. McCosco Decl., ¶¶ 4, 6; Cho Decl., ¶ 5.

---

[1] Ms. McCosco has 40 years of experience, has filed countless documents through Pacer throughout her career, particularly in the United States District Court for the Central District of California and in her entire career has never missed a filing deadline. McCosco Decl., ¶ 2.

6. Despite continued diligence and unwavering efforts to file Defendant's Opposition Filings through repeated attempts during a multi-hour period surrounding the deadline, the ECF System prevented the filing of Defendants' Opposition Filings by the applicable deadline and after. McCosco Decl., ¶ 7; Cho Decl., ¶ 5. Due to the technical difficulties encountered with the ECF System, the Opposition Filings were unable to be filed with the system until September 21, 2024. McCosco Decl., ¶ 7; Cho Decl., ¶ 5.

7. After repeatedly trying to timely file the Opposition Filings without success because the ECF System was inaccessible, Ms. McCosco served counsel for Plaintiffs with all the Opposition Filings in unredacted form via email and previewed that a Motion to Seal, which was included, would be filed along with redacted versions of the Opposition and corresponding exhibits with the Court. She also notified Plaintiffs' counsel of the technical defects that prevented the timely filing of the Opposition Filings by the deadline and that the ECF System was malfunctioning and inaccessible. Attached as **Exhibit A** to Ms. McCosco's declaration is a true and correct copy of the transmittal email that was served on Plaintiffs' counsel with all the unredacted Opposition Filings attached. Due to the volume of documents, it took a few minutes for the transmittal to go through and was ultimately delivered to Plaintiffs' counsel at 1:01 a.m. PST.

8. Following service of the all the Opposition Filings to Plaintiffs' counsel, Ms. McCosco again repeatedly tried to access the ECF System to proceed with filing as did counsel for Defendant, but the ECF System remained inaccessible thereby preventing Defendant from filing. McCosco Decl., ¶¶ 5, 9.

9. Even though all the Opposition Filings were completed and ready for filing before the applicable deadline, because the ECF System malfunctioned and was inaccessible, Defendant was prevented from filing the Opposition Filings before the deadline. *Id.* at ¶¶ 5, 7. But for the technical difficulties with ECF

1  System, the Opposition Filings would have been filed on time.  McCosco Decl., ¶¶
2  4-10; Cho Decl., ¶ 5.

3      10.    The undersigned tried for hours to troubleshoot the technical issues
4  with the ECF System to enable the filing and continued efforts past 3:00 a.m. PST,
5  but the ECF System remained inaccessible and unavailable for filing.  Cho Decl., ¶
6  6.

7      11.    To ensure there was no prejudice to Plaintiffs' preparation of their
8  reply, an unredacted copy of the entire Opposition Filings were served on Plaintiffs'
9  counsel to mitigate against any potential from the inaccessibility of the ECF System
10  before and after the applicable deadline.  Cho Decl., ¶ 7

11      12.    Once it became clear that it was impossible for the Opposition Filings
12  to be filed with the Court, despite hours of attempts, counsel for Defendant emailed
13  CAS_Chambers@cacd.uscourts.gov to submit a copy of Defendant's Proposed
14  Order denying Plaintiffs' Motion for Remand along with a Proposed Order
15  Granting Defendant's Application to File Under Seal, and to provide the Court with
16  notice that the ECF System was inaccessible and the filing of Defendant's
17  Oppositions Filings was prevented even though it was ready for filing before the
18  deadline because the system malfunctioned.  Attached hereto as **Exhibit A** to Ms.
19  Cho's Declaration is a true and correct copy of the email notice and submission of
20  proposed orders provided by Defendant to the Court.

21      13.    The undersigned apologizes for any inconvenience this unexpected
22  situation may cause the Court.

23      14.    Defendant acted in good faith and was ready to file the Opposition
24  Filings through the ECF System before the deadline and when the ECF System
25  went down, repeatedly attempt to continue filing efforts.  The inaccessibility of the
26  ECF System and the associated technical difficulties that occurred as a result of
27  several error messages and being locked out of the ECF System were not
28  anticipated to occur, particularly given that Defendant used a highly experienced

litigation assistant for this filing who had never missed a filing deadline in her entire 40-year career. McCosco Decl., ¶ 2.

15. Given that after counsel for Defendant could see the ECF System would remain inaccessible based on multiple attempts to file the Opposition Filings without success, Defendant promptly served Plaintiffs' counsel with an unredacted version of all the Opposition Filings shortly thereafter, there is no prejudice to Plaintiffs by the Court accepting the Opposition Filings and deeming them timely filed based on good cause due to technical difficulties associated with the ECF System being inaccessible. This is particularly true in this case where the Opposition Filings were completed and ready to be uploaded to the Court's ECF System before the deadline, but was prevented from being filed because the ECF System was inaccessible and not enabling filings.

16. Additionally, Plaintiffs' reply is not due until October 4, 2024 (14 days). Cho Decl., ¶ 2.

17. Federal Rule of Civil Procedure 6(a)(3)(A) states that "if the clerk's office is inaccessible on the last day for filing[,] then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P 6(a)(3)(A). Rule 6(a)(3)(A) was amended in 2009 to remove a reference to weather "to underscore that inaccessibility can occur for reasons unrelated to weather, *such as an outage of the electronic filing system*." *See* Fed. R. Civ. P. 6(a)(3), advisory committee's note to 2009 amendment; *see also Erdelyi v. Optimum Seismic, Inc.*, No. CV 20-11066-JVS(GJSx), 2021 BL 313371, at *3 (C.D. Cal. Apr. 22, 2021) ("Thus, the Court agrees with the growing body of case law that inaccessibility under Rule 6(a)(3) includes situations where the Court's CM/ECF filing system is down."). Because the ECF system was inaccessible when Defendant attempted to file on September 20, 2024 and Defendant's Opposition Filings were completed and ready to be filed before the deadline, Defendant

respectfully asks the Court to accept its Opposition Filings as timely and deem all the Opposition Filings timely filed.

18. Alternatively, given the importance of the Filing to this case and the absence of any prejudice, Defendant respectfully requests the Court to treat the Filing as timely filed *nunc pro tunc*.[2]

WHEREFORE, Defendant respectfully request that the Court enter the Proposed Order submitted herewith and accept as timely the above-referenced Filing uploaded and filed by Defendant with the Central District's ECF System as soon as the system became available to Defendant for filing.

Dated: September 21, 2024

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By  */s/ Karen Y. Cho*
   Jennifer B. Zargarof
   Karen Y. Cho
   Attorneys for Defendant
   SPACE EXPLORATION
   TECHNOLOGIES CORP.

---

[2] Counsel for Defendant has contacted Plaintiffs' counsel to inquire whether they would oppose this Motion, but given the weekend Plaintiffs' counsel may not yet have seen the conferral email. As of the filing of this Motion, Plaintiffs' counsel has not responded; however, Defendant will update the Court if Plaintiffs' counsel responds confirming that they do not intend to oppose the relief sought herein. Cho. Decl., ¶ 9, Exhibit B.