UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** **REDACTED [UNDER SEAL] (IN CHAMBERS)** - PLAINTIFFS' MOTION TO REMAND (Dkt. 11, filed on September 9, 2024)

## I.   INTRODUCTION

On June 12, 2024, plaintiffs Paige Holland-Thielen, Yaman Abdulhak, Scott Beck, Rebekah Clark, Deborah Lawrence, Claire Mallon, Tom Moline, and André Nadeau ("plaintiffs") filed suit against defendant Space Exploration Technologies Corporation ("SpaceX") and its Chief Executive Officer ("CEO") and Chief Technology Officer ("CTO"), defendant Elon Musk ("Musk"), in Los Angeles Superior Court. Dkt. 1-1. Plaintiffs allege eight claims for relief: (1) sexual harassment based on the creation of a hostile work environment pursuant to the Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code §§ 12923, 12940; (2) retaliation pursuant to FEHA, Cal. Gov't Code § 12940(h); (3) failure to prevent discrimination, harassment, and retaliation in violation of FEHA, Cal. Gov't. Code § 12940(k); (4) sexual harassment pursuant to FEHA, Cal. Gov't Code § 12940(j); (5) discrimination pursuant to FEHA, Cal. Gov't. Code § 12940(a); (6) whistleblower retaliation pursuant to California Labor Code § 1102.5; (7) wrongful termination in violation of public policy; and (8) unlawful business practices pursuant to California Business and Professions Code § 17200. Id. ¶¶ 124-96.

On August 16, 2024, defendants SpaceX and Musk removed the case to this Court based on diversity jurisdiction. Dkt. 1 at 3. On September 9, 2024, plaintiffs filed the instant motion to remand the case to Los Angeles Superior Court, dkt. 11 ("Mot."), as well as a request for judicial notice, dkt. 12. On September 21, 2024, SpaceX filed objections to plaintiffs' evidence in support of their motion to remand. Dkt. 28. On September 30, 2024, SpaceX filed its opposition to plaintiffs' motion to remand. Dkt. 37 ("Opp."). On October 2, 2024, plaintiffs filed their reply. Dkt 39 ("Reply"). They

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

concurrently filed responses to SpaceX's evidentiary objections, dkt. 41, and objections to SpaceX's evidence in support of its opposition, dkt. 43.

On October 9, 2024, SpaceX filed a motion for leave to file a surreply. Dkt. 47. On October 10, 2024, plaintiffs filed their opposition. Dkt. 48. On the same day, the Court granted the motion. Dkt. 49. On October 11, 2024, SpaceX filed its surreply. Dkt. 50 ("Surreply"). On October 17, 2024, SpaceX filed its responses to plaintiffs' evidentiary objections. Dkt. 65.

On October 21, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

While the facts of plaintiffs' complaint revolve around their former employment at SpaceX, see dkt. 1-1, in the instant motion, the parties solely dispute the location of SpaceX's principal place of business.[1]

SpaceX relies on facts from the declarations of Lindsay Chapman, its Senior Director of Human Resources ("Chapman"), dkt. 1-2 ¶ 2, Sheila McCorkle, its Vice President of Starship Legal and Regulatory ("McCorkle"), dkt. 37-1 ¶ 2, and Jamin Gallman, its Director of Human Resources ("Gallman"), dkt. 37-2 ¶ 2. Chapman, who executed her declaration in California, states that she has knowledge of SpaceX's business and operations, including the location of its senior executives. Dkt. 1-2 ¶ 3. She asserts that since before June 12, 2024, SpaceX's corporate officers, including Musk and SpaceX's President and Chief Operating Officer, Gwynne Shotwell ("Shotwell"), have resided in and controlled, coordinated, and directed operations from Texas. Id. ¶ 5-6.

---

[1] SpaceX filed a series of evidentiary objections challenging portions of the declarations of Scott Beck and Tom Moline, as well as specific exhibits in plaintiffs' request for judicial notice. Dkt. 28. Plaintiffs replied with responses to these objections. Dkt. 41. Plaintiffs also filed objections to SpaceX's evidence, claiming that the declarations of McCorkle and Gallman lack foundation by failing to establish personal knowledge and that they violate Federal Rule of Evidence 1002 by failing to attach personnel records. Dkt. 43. Thereafter, SpaceX filed responses to plaintiffs' objections. Dkt. 65. To the extent the Court relies on evidence to which there has been an objection, the Court has overruled the objection to that evidence. All other objections are denied as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

She further states that the current employee handbook lists Starbase, Texas as SpaceX headquarters, and that the July 20, 2024 executive staff meeting was held there. Id. ¶ 7-8.

    McCorkle states that Starbase is home to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 37-1 ¶ 11. As such, the company's highest-level leaders have relocated to Texas "in large part because Starbase was and is the nerve center of SpaceX." Id. ¶ 13. In ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, where she continued her direction and coordination of SpaceX's operations. Opp. at 4; dkt. 37-2 ¶ 5. While Shotwell's primary office is in ▓▓▓▓▓▓, she has a ▓▓▓▓▓ office where she "routinely" works. Dkt. 37-2 ¶ 31. She has more than ▓▓▓▓ direct reports, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 37-1 ¶ 22. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 37-2 ¶ 8. ▓▓▓▓▓ is his primary work location for SpaceX. Id. From there, he manages many significant functions and held "All Hands" meetings in January and April 2024. Opp. at 4. Other executive leaders had also moved to Texas by June 12, 2024, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Id. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Id. at 4-5. No critical companywide decision is made ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Id. In addition to Shotwell and Musk, SpaceX ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 37-2 ¶ 17. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Id.

    Plaintiffs rely on the following facts in their motion to remand. Mot. at 1. Plaintiffs cite several sources identifying SpaceX's headquarters as Hawthorne, California: its website, its Employee Handbook from March 2021, and a public notice dated August 12, 2024 from the Federal Aviation Administration. Id. at 2-3. The website lists additional primary facilities in Vandenburg Air Force Base, California; McGregor, Texas; Starbase, Texas; Cape Canaveral, Florida; and Kennedy Space Center, Florida. Id. at 3. On July 16, 2024, Musk announced on his social media platform, X, that "SpaceX will now move its HQ from Hawthorne, California to Starbase, Texas." Id. On August 13, 2024, SpaceX changed its principal place of business with the California Secretary of State from Hawthorne, California to Brownsville, Texas, the location of Starbase. Id. However, filings with the Texas and Florida Secretaries of State continue to list Hawthorne as SpaceX's principal address and ▓▓▓▓▓▓ address. Id. at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

Plaintiffs claim that ▆▆▆▆ primary office is in ▆▆▆▆, not Starbase, Texas, citing to a declaration she provided on January 20, 2024 in another case. Id.

As for the location of SpaceX's vice presidents, plaintiffs compiled data from the Federal Election Commission and LinkedIn showing that nineteen of twenty-three vice presidents are in California (sixteen in Hawthorne, three in the Bay Area, and none in Starbase). Id. at 4-6. Plaintiffs also cite to Federal Election Commission filings from June 21, 2024, showing that SpaceX's ▆▆▆▆ ▆▆▆▆ are located in or next to Hawthorne. Id. at 6. Plaintiffs' pay statements, including for non-California residents, were issued from Hawthorne headquarters. Id. at 7. Plaintiffs also point to recent court filings from SpaceX showing that of its 13,000 employees, only ▆▆ are located in Starbase. Id. Plaintiffs' review of open positions on SpaceX's website on September 1, 2024 shows 928 open positions, ▆▆ of which are in Hawthorne and ▆▆ of which are in Starbase. Id.

### III.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, *supra*, § 2:905.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## IV.  DISCUSSION

Plaintiffs argue that the case should be remanded because there is no diversity jurisdiction, alleging that at the time the lawsuit was filed (June 12, 2024), four plaintiffs and defendant SpaceX were citizens of the same state: California. Mot. at 1.

In order to establish removal jurisdiction in an action premised on diversity of citizenship, the removing defendant must demonstrate that (1) the amount in controversy exceeds $75,000, and that (2) the suit is between citizens of different states. See 28 U.S.C. § 1332. "For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 569–70 (2004). A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010).

Here, the parties do not dispute the amount in controversy (exceeding $75,000), plaintiffs' citizenships (California and Washington), or SpaceX's state of incorporation (Texas as of February 2024). Dkt. 1 at 3; Mot. at 10. At issue, however, is SpaceX's principal place of business as of June 12, 2024, the date the lawsuit was filed. Mot. at 10. If SpaceX meets its burden to show that its principal place of business was in Texas at the time of filing, complete diversity would exist and the requirements for diversity jurisdiction would be satisfied, making removal to this Court proper.

A corporation's "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz, 559 U.S. at 92. "[I]t should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

traveled there for the occasion)." The nerve center is a "single place" and "a place *within* a State." Id. at 93.

"In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including where the corporation's chief executive officer 'resides and maintains' his or her office, where the other officers reside, where the corporation's 'high level decisions' are made, and where the corporation's 'finance and accounting functions' are performed." Peich v. Flatiron West, Inc., No. 5:16-cv-00540-ODW (DTB), 2016 WL 6634851, at *3 (C.D. Cal. Nov. 9, 2016) (quoting In re Hydroxycut Mktg. & Sales Practices Litig., No. 09-MD-2087-BTM (AJB), 2010 WL 2998855, at *3 (S.D. Cal. July 29, 2010)).

Plaintiffs argue that all relevant factors weigh in favor of finding that Hawthorne, California was SpaceX's nerve center at the time of filing. Mot. at 11. Plaintiffs contend that "all available public documentation" reveals that SpaceX's headquarters were in Hawthorne on June 12, 2024, including SpaceX's website and records of the Federal Aviation Administration. Id. The records of Texas's Secretary of State list SpaceX's Hawthorne address, and until August 7, 2024, the records of California's Secretary of State listed Hawthorne as SpaceX's "principal address." Id. Musk allegedly did not announce the move from Hawthorne until July 16, 2024. Id.

Next, plaintiffs argue that the location of SpaceX's corporate, finance, and executive teams indicate that its principal place of business is Hawthorne. Id. at 11. Plaintiffs contend that the vice presidents who oversee SpaceX's functional activities and the heads of SpaceX's ███████████████████ teams are located in Hawthorne. Id. at 11-12. Plaintiffs claim that even if Musk and Shotwell are located in Texas, SpaceX fails to prove that it is their place of work. Id. at 12. Regardless, plaintiffs point to Nestlé's finding that "the mere relocation of two officers, albeit high-rankings ones… cannot on its own be enough to shift the 'nerve center' of a multi-billion dollar, 51,000-employee corporation that has been headquartered in a single location for 27 years." Id. at 12 (citing Nestlé USA, Inc. v. Inn Foods, Inc., No. CV-17-4840-MWF, 2017 WL 11665627, at *4 (C.D. Cal. Oct. 20, 2017)).

Additionally, plaintiffs argue that SpaceX has not met its burden of supporting its allegations with admissible evidence, contending that the evidence offered lacks foundation and relevance. Mot. at 13. Plaintiffs contend that Chapman lacks personal knowledge of the control and coordination of SpaceX's activities because she is based in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             **'O'**

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

California rather than Texas. Id. at 15. Plaintiffs next argue that SpaceX's reliance on its "current" employee handbook and the location of an executive staff meeting "on July 20, 2024" are irrelevant, as the focus of the inquiry must be June 12, 2024. Id. at 16.

Alternatively, if the Court finds that relevant facts are disputed, plaintiffs request leave for jurisdictional discovery on the principal place of business issue. Id. at 17.

In opposition, SpaceX argues that its principal place of business has been in Texas since before June 12, 2024. Opp. at 7. As a threshold matter, SpaceX submits a certificate executed by its assistant secretary, stating that "prior to June 12, 2024 and presently," its principal place of business is Starbase, located in Brownsville, Texas. Id. at 7; dkt. 27-3. SpaceX notes that "[c]ourts have found this alone to be competent and sufficient evidence" to prove a corporation's principal place of business. Opp. at 7 (citing Sullivan v. Duncan, No. 13-CV-1640 (SAS), 2015 WL 4393316, at *4–5 (S.D.N.Y. July 17, 2015) and Macklin v. Lexington Ins. Co., No. 20-CV-05372 (ER), 2020 WL 5796814, at *4 (S.D.N.Y. Sept. 29, 2020)).

SpaceX then disputes plaintiffs' assertion that the location of a corporation's headquarters is the "key factor" in the nerve center test. Id. Rather, SpaceX contends that, according to Hertz, a corporation's headquarters is the principal place of business only when it is "the actual center of direction, control, and coordination[.]" Id. (citing Hertz, 559 U.S. at 93). SpaceX argues that relevant factors demonstrate that SpaceX's principal place of business was Texas at the time of filing of the complaint. Id. at 8.

First, SpaceX argues, since before June 12, 2024, ▮▮▮▮▮▮▮▮ and maintained his office and ▮▮▮▮▮▮ at ▮▮▮▮▮. Id. Second, it asserts that SpaceX's decision-making executive officers are based in Texas. Id. at 9. SpaceX relies on Colmenares for four indices that demonstrate an officer is part of the nerve center: possessing high-level strategic and financial decision-making authority; being authorized to negotiate binding contracts; having a large number of direct reports; and attending board meetings. Id. (citing Colmenares v. PaeDae, Inc., No. CV 21-5221-DMG (KSx), 2021 WL 4934976, at *3-4 (C.D. Cal. Oct. 22, 2021)). SpaceX contends that only Musk and Shotwell meet these criteria. Id. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Id. Juncosa, the Vice President of Starship—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and numerous vice presidents have moved there since. Id. Third, SpaceX argues that most of SpaceX's high-level decisions are made in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

Texas, ███████████████████████████████████ Id. at 10.  In December 2023, SpaceX's ███████████████████ and executive staff meeting both occurred in Starbase.  Id.  Fourth, SpaceX argues that its administrative functions have been distributed across all SpaceX locations, including Starbase, "since long before June 12, 2024."  Id.

Separately, SpaceX distinguishes Nestlé, arguing that the Nestlé defendant did not provide the same supporting evidence as SpaceX.  Id. at 11.  SpaceX then contends that plaintiffs' motion falsely states the locations of many of its vice presidents.  Id. at 12.  Regardless, SpaceX argues that it is the location of SpaceX's decision-makers that determines its nerve center, not the location of its vice presidents without high-level authority, or the location of its managers directing day-to-day operations.  Id. at 12, 15.  SpaceX contends ████████████████████████████████████████████████ and have offices at Starbase.  Id. at 13.  Vice Presidents McCorkle, █████████████████ are also based in Texas.  Id. at 16.  SpaceX next contends that plaintiffs' reliance on public filings regarding SpaceX's headquarters is misplaced because those public filings do not identify the place from which SpaceX's executive officers direct the corporation.  Id. at 14.

Additionally, SpaceX disputes plaintiffs' challenges to Chapman's declaration, arguing that she has personal knowledge of where SpaceX's employees conduct business operations.  Id. at 18-19.  Finally, SpaceX claims that jurisdictional discovery would be improper.  Id.  Because plaintiffs "do not deny key jurisdictional facts," notably that ██████████████████████████████████ at the time of the filing of this action, plaintiffs have failed to prove that relevant facts are controverted.  Id.  However, if the request is granted, SpaceX requests that it be limited to no more than ten written discovery requests.  Id. at 22.

In reply, plaintiffs argue that SpaceX has failed to meet its burden.  Reply at 6.  Plaintiffs reiterate that Chapman did not provide any basis for her personal knowledge of where Musk or Shotwell work, as Chapman works in Hawthorne.  Id. at 7.  Further, plaintiffs state that it is now undisputed that █████████████████████████████████████████████.  Id.  Plaintiffs next dispute the averments in Gallman's declaration, arguing that he also fails to establish his personal knowledge.  Id. at 8.  His contention that ██████████████████████████████████████████ allegedly "add[s] nothing to the analysis."  Id.  Plaintiffs assert that Gallman's statements about Musk do not identify which personnel records support his conclusions.  Id.  Further, plaintiffs argue,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

Gallman does not clarify whether ▮▮▮▮▮▮▮▮▮▮ primary office. Id. McCorkle's declaration allegedly has the same deficiencies. Id. at 9. Plaintiffs also contend that neither declaration provides adequate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Id. According to plaintiffs, absent details on why Starship is the "most important," these declarations are allegedly "self-serving." Id. at 10.

    Plaintiffs contend that it is undisputed that Hawthorne was SpaceX's headquarters at the time of filing of the complaint. Id. at 13. They claim that, while not a dispositive factor, under Hertz, the nerve center should "normally" be the headquarters, unless it is "simply an office where the corporation holds its board meetings." Id. Plaintiffs argue that SpaceX has not made this showing, and in fact, the evidence shows that Hawthorne is a "traditional corporate headquarters," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and a high rate of new employee hiring (double that of Starbase). Id. at 13-14. Plaintiffs next argue that SpaceX fails to explain the discrepancy created by its filings with the Texas, California, and Florida Secretaries of State and the Federal Election Commission, which each state that, as of June 12, 2024, the address of the corporation and its officers is in Hawthorne. Id. at 16. While SpaceX argues that the concentration of employees in Hawthorne reflects only "day-to-day" operations, plaintiffs argue that the cases it relies upon do not address the present situation, where the senior leaders are not in a single location apart from where the "day-to-day" operations occur. Id. at 19.

    In its surreply, SpaceX argues that plaintiffs incorrectly state that declarations alone are not sufficient evidence. Surreply at 2. SpaceX reiterates that plaintiffs ignore the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at the time of filing of the complaint. Id. at 3. Finally, SpaceX contends that its declarations are not deficient, as Gallman and McCorkle are senior employees, ▮▮▮▮▮▮ and working at Starbase, with personal knowledge of the facts set forth in their declarations. Id. at 6.

    The Court finds that SpaceX's principal place of business on June 12, 2024, was Starbase, Texas.[2] Under Hertz, a corporation's principal place of business is only its

---

[2] At oral argument, counsel for plaintiffs asked the Court to consider four cases: Pool v. F. Hoffman-La Roche, Ltd., 386 F.Supp.3d 1202 (N.D. Cal. 2019); Ravishanker v. Mphasis Infrastructure Servs., Inc., No. 15-02346-EJD, 2015 WL 6152779 (N.D. Cal. Oct. 20, 2015); Boisvert v. Carbon IQ, Inc., No. 2:22-cv-03303-FLA, 2022 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

headquarters when headquarters are "the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." Hertz, 559 U.S. at 93. While the record shows that SpaceX conducted its day-to-day operations from its Hawthorne headquarters at the time of filing, this evidence does not satisfy the "nerve center" test. Rather, the Court must direct its analysis to the location where SpaceX's officers directed, controlled, and coordinated corporate activities. See Hoschar v. Appalachian Power Co., 739 F.3d 163, 172 (4th Cir. 2014) ("When a corporation's day-to-day operations are managed in one state and its officers make significant corporate decisions and set corporate policy in another, the corporation's nerve center and principal place of business is the latter. The record demonstrates that APCO's day-to-day operations are managed in Charleston, while its officers direct, control, and coordinate APCO's activities from Columbus. Therefore, APCO's principal place of business is in Columbus, Ohio."); Chavez v. Carmax Auto Superstores California, LLC, No. CV-13-02651-DMG-AJWx, 2014 WL 12968226, at *3 (C.D. Cal. July 8, 2014) (finding that defendant's principal place of business was

---

20401314 (C.D. Cal. Aug. 1, 2022); and Steines v. Crown Media U.S. LLC, No. 18-09293-CJC, 2018 WL 6330600 (C.D. Cal. Dec. 4, 2018). Upon review, Pool, Ravishanker, and Boisvert appear to be distinguishable because unlike here, the party seeking removal failed to meet its burden of demonstrating diversity of citizenship. See Pool, 386 F.Supp.3d at 1220 (defendant did not prove that its principal place of business was Little Falls, even when the majority of its officers were located there, because "sheer numbers are not dispositive. Without an understanding of what each director or officer actually does for [defendant] as a practical matter, where the nerve center of the company is cannot be determined."); Ravishanker, 2015 WL 6152779, at *2-3 (defendant did not meet its burden when it failed to corroborate its director's "self-serving declaration," failed to specify whether its principal place of business was located in India or New York, and attempted to place the burden of establishing diversity jurisdiction on plaintiff); Boisvert, 2022 WL 20401314, at *3 (granting jurisdictional discovery where material jurisdictional facts were in dispute). In Steines, which is factually similar to the present case, the Court denied the plaintiff's motion to remand. See Steines, 2018 WL 6330600, at *3 (finding that defendant's principal place of business was in New York because defendant's CEO and President testified that he directed and controlled corporate activities from New York, notwithstanding SEC and Secretary of State filings stating that defendant's principal offices were in Studio City).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

Richmond, Virginia because even though it had a "main office in California, all executive functions" took place in Richmond).

The Court finds that Nestlé is distinguishable from the present case. There, the Court found that "the mere relocation of two officers, albeit high-ranking ones, a couple months before a complaint is filed cannot on its own be enough to shift the 'nerve center' of a multi-billion-dollar, 51,000-employee corporation that has been headquartered in a single location for 27 years." Nestlé, 2017 WL 11665627, at *4. The Court specifically based its finding on the lack of evidence provided by the defendant:

> Despite understanding better than anyone else the details of its own operations, in its Opposition Nestlé has informed the Court only that its CEO and CFO had relocated to Arlington before it filed its Complaint. It offered no information about, for example: the number and titles of its other officers and the nature of their roles in the company; the location of its other high-level executives as of June 30, 2017; if any other high-level officers/employees who had previously worked in Glendale had left for Arlington by then; or whether any corporate functions that were previously controlled and/or performed in Glendale were being controlled and/or performed in Virginia (or somewhere else) by then.

Id. at *3. Here, although there are factors that support each side's contentions, the Court finds that SpaceX offers persuasive information about the number and titles of its highest-ranking officers, their roles, and their locations. "In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including where the corporation's chief executive officer 'resides and maintains' his or her office, where the other officers reside, where the corporation's 'high level decisions' are made, and where the corporation's 'finance and accounting functions' are performed." Peich, 2016 WL 6634851, at *3. The Court finds that, on balance, these factors show that Starbase was SpaceX's principal place of business at the time of filing of the complaint.

First, SpaceX's ███████████████████████████████ and ███████████ He controls ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. These facts weigh heavily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

in SpaceX's favor, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

Second, with regard to the second and third Peich factors, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, while ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬[3] Of ▬▬▬▬▬ (including ▬▬▬▬▬) are based in Starbase, ▬▬▬▬▬▬▬ are based in Hawthorne. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Further, the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ An executive staff meeting and ▬▬▬▬▬ occurred in Starbase in December 2023, and Musk hosted "All Hands" meetings in Starbase in January and April 2024. These facts again weigh in defendant's favor.

Weighing in favor of plaintiffs' position, the Court finds that SpaceX's finance and administrative functions are largely located in Hawthorne, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬[4] Notably, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ are based in or near Hawthorne.

On balance, however, the Court finds that the majority of factors show that Starbase was SpaceX's nerve center and principal place of business on June 12, 2024. The Supreme Court has recognized that "there will be hard cases" such as this one,

---

[3] The Court acknowledges plaintiffs' argument that because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, Starbase cannot be said to be SpaceX's principal place of business. Reply at 1-2. However, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Dkt. 37-1 ¶ 31.

[4] SpaceX does not appear to deny plaintiffs' claim that the vice presidents located in or near Hawthorne at the time of filing of the complaint included: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Mot. at 5-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06972-CAS-RAOx | Date | October 24, 2024 |
|---|---|---|---|
| Title | Holland-Thielen et al. v. Space Exploration Technologies Corp. | | |

where, "in this era of telecommuting, some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet. That said, our test nonetheless points courts in a single direction, toward the center of overall direction, control, and coordination." Hertz, 559 U.S. at 95–96. The instant "hard" case is complicated by the location of Musk and Shotwell in different Texas cities. However, the Court must determine the "overall" center of direction, control, and coordination, as every corporation has a nerve center in a single place within a state. Id. at 93. Accordingly, the presence of ▓▓▓▓▓ who ▓▓▓▓▓—points in the "single direction" of Starbase. See Colmenares, 2021 WL 4934976, at *4 ("Defendant's Granville, Ohio office is home to a plurality of its officers with strategic, decision-making, and financial authority, and is the only single place home to more than one of them. A substantial majority of the company's employees report to the officers in Granville. Therefore, to the extent that Defendant had any single 'place of actual direction, control, and coordination' in June 2021, it must be the Granville, Ohio office.").

Accordingly, the Court finds that SpaceX is a citizen of Texas, not California.

The Court denies plaintiffs' request for jurisdictional discovery on this issue because plaintiffs do not deny that ▓▓▓▓▓; that ▓▓▓▓▓ See Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (citations omitted) ("Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'").

V.  **CONCLUSION**

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion to remand.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |