MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Matthew A. Harper, *pro hac vice*
matt.harper@morganlewis.com
1000 Louisiana Street
Suite 4000
Houston, TX 77002-5006
Tel:   +1.713.890.5000
Fax:  +1.713.890.5001

Attorneys for Defendant
SPACE EXPLORATION
TECHNOLOGIES CORP.

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Anne B. Shaver (SBN 255928)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
ashaver@lchb.com

BURGESS LAW OFFICES, P.C.
Laurie M. Burgess (SBN 302270)
498 Utah Street
San Francisco, CA 94110
Phone: (312) 320-1718
lburgess@burgess-laborlaw.com

Attorneys for Plaintiffs
PAIGE HOLLAND-THIELEN, an individual; YAMAN ABDULHAK, an individual; SCOTT BECK, an individual; REBEKAH CLARK, an individual; DEBORAH LAWRENCE, an individual; CLAIRE MALLON, an individual; TOM MOLINE, an individual; and ANDRE NADEAU, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE HOLLAND-THIELEN, an individual; YAMAN ABDULHAK, an individual; SCOTT BECK, an individual; REBEKAH CLARK, an individual; DEBORAH LAWRENCE, an individual; CLAIRE MALLON, an individual; TOM MOLINE, an individual; and ANDRE NADEAU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORPORATION D/B/A SPACEX, a Texas corporation; and ELON MUSK, an individual,<br><br>Defendants. | Case No. 2:24-cv-06972-JAK-RAO<br><br>**JOINT REPORT RE: CONFERENCE REGARDING JURISDICTIONAL DISCOVERY** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

JOINT REPORT
2:24-CV-06972-JAK-RAO

# JOINT REPORT ON CONFERENCE FOR JURISDICTIONAL DISCOVERY

Pursuant to the Court's order on February 3, 2025, Plaintiffs and Defendant Space Exploration Technologies Corp. ("SpaceX"), hereby submit this joint report regarding the Parties' conferences on jurisdictional discovery. On February 5 and 7, 2025, the Parties conferred on SpaceX's objection to and the potential scope of jurisdictional discovery, if ordered.

On February 5, 2025, counsel for the Parties conferred to review Plaintiffs' view of appropriate topics and scope for jurisdictional discovery. Plaintiffs communicated that their requested discovery would be focused on: (a) the locations from which CEO Elon Musk and President Gwynne Shotwell directed SpaceX leading up to the filing of the complaint and (b) the importance of the Starship project located in Starbase compared to SpaceX's other major projects located elsewhere. On February 7, 2025, counsel for the Parties again conferred to discuss SpaceX's view of Plaintiffs' plan and the constraints of SpaceX's data.

The Parties have reached agreement in some areas and not in others. Plaintiffs and SpaceX detail below their respective positions on (i) the scope of discovery, if permitted; (ii) limitations on the type and number of requests; and (iii) time needed to complete.

///

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 50062046.17

2

JOINT REPORT
2:24-CV-06972-JAK-RAO

I. **Scope of Jurisdictional Discovery**

To the extent jurisdictional discovery is permitted, the parties agree that jurisdictional discovery should be limited to the issue of the location of SpaceX's principal place of business at the time the complaint was filed in state court (June 12, 2024). The parties further agree that the relevant time period is December 1, 2023, through June 12, 2024. The parties also agree that the scope may include the locations of CEO Elon Musk and President Gwynne Shotwell but only during the relevant time period, though the parties disagree on whether their locations when not directing SpaceX is relevant. The parties also disagree as to whether information concerning the relative importance of the Starship program, located at Starbase, versus SpaceX's other programs, located elsewhere, is relevant.

Plaintiffs' Proposal

Plaintiffs' request for information regarding the relative importance of Starship to SpaceX's other major programs is directly relevant to the location of SpaceX's "nerve center." SpaceX's relied heavily on the argument that Starbase, Texas is the nerve center because it is home to "SpaceX's most important program, Starship," and that executives "have swarmed to Starbase as it established itself as the epicenter of SpaceX" due to this program. Opp. at 9 (ECF 37); *see also* McCorkle Decl., ECF 37-1, ¶ 11 ("Starship is the most critical program of SpaceX's corporate mission."); Gallman Decl., ECF 37-2, ¶ 9 (Starship "is SpaceX's most important project."). Relatedly, SpaceX argued that Vice President

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

3

JOINT REPORT
2:24-CV-06972-JAK-RAO

Mark Juncosa's location in Starbase should weigh in favor of a finding that Starbase is the nerve center, because he is "the executive responsible for the company's most important program—Starship." *Id.*, ¶ 10. Judge Snyder relied on these averments when she found that Mr. Juncosa was a relevant executive, along with Musk and Shotwell, in the nerve center analysis and therefore his location in Starbase supported a finding that the nerve center was there. Order at 13 (ECF 76). But Judge Snyder failed to consider critical facts as to Mr. Juncosa's role compared to the eleven Vice Presidents in Hawthorne, because SpaceX did not provide them, despite Plaintiffs pointing out this gap in evidence. Specifically, Starship is just one of several major projects at SpaceX, and Plaintiffs expect the facts will show that the other projects are far more critical to the company using metrics such as gross revenue generated and numbers of dedicated personnel to each project. The Vice Presidents in charge of these other projects are not located in Starbase (*see* ECF 11 at 5 & ECF 37-2 at 3), but to understand "the nature of their roles in the company," it is necessary to have discovery of the projects' role in SpaceX's overall operations. *Nestle USA Inc. v. Inn Foods, Inc.*, 17-4840-MWF, 2017 WL 11665627, *3 (C.D. Cal. Oct. 20, 2017) (faulting defendant for providing information only as to the location of the company's top two executives and "offer[ing] no information about, for example: the number and titles of its other officers and the nature of their roles in the company"). Plaintiffs' requests on this topic will be targeted: for each of SpaceX's primary projects—of which its website

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

4

JOINT REPORT
2:24-CV-06972-JAK-RAO

indicates there are eight—the revenue associated with it in 2024, the location of the Vice President in charge of it, and the number of employees assigned to it.

SpaceX asks the Court to reject Plaintiffs' proposed objective criteria for evaluating the nerve center—the profits of SpaceX's various enterprises and the numbers of employees dedicated thereto—and instead credit its witness' characterization that Starship (and hence Starbase) is its "most important" location because Starship is focused on its aspirational goal of achieving "interplanetary life." Assessing a corporation's aspirational mission is not a workable paradigm for evaluating a corporation's principal place of business. The appropriate inquiry involves an assessment of facts, not subjective and self-serving declarations regarding a company's mission.

SpaceX's Response

SpaceX maintains that jurisdictional discovery is unjustified in this matter because Judge Snyder held that "a more satisfactory showing of the facts is [not] necessary," after weighing both Parties' arguments and evidence. *See* Dkt. 76 at 14-15 (quoting *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Plaintiffs' unwarranted demand to open jurisdictional discovery at this point is simply a fishing expedition designed to end-run Judge Snyder's well-reasoned judgment that the preponderance of the evidence submitted exceeds SpaceX's burden of persuasion.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

5

JOINT REPORT
2:24-CV-06972-JAK-RAO

Even Plaintiffs' authorities agree that jurisdictional discovery is appropriate only when the party alleging diversity fails to meet its burden with relevant evidence, which is not the case here. *See Boisvert v. CarbonIQ, Inc.*, 22-cv-03303-FLA, 2022 WL 20401314, *3 (C.D. Cal. Aug. 1, 2022) (ordering jurisdictional discovery only because "the majority of facts on which Defendants rely pertain to [its] current operations—not its operations at the time the Complaint was filed," which are irrelevant to the diversity analysis). In particular, SpaceX already provided the information that the *Nestle* court found wanting through the detailed sworn declarations of Sheila McCorkle and Jamin Gallman. *See Nestle USA Inc. v. Inn Foods, Inc.*, 17-4840-MWF, 2017 WL 11665627, *3 (C.D. Cal. Oct. 20, 2017) ("[Defendant] offered no information about, for example: the number and titles of its other officers and the nature of their roles in the company; the location of its other high-level executives as of June 30, 2017; if any other high-level officers/employees who had previously worked in Glendale had left for Arlington by then; or whether any corporate functions that were previously controlled and/or performed in Glendale were being controlled and/or performed in Virginia (or somewhere else)).

Indeed, HR Director Jamin Gallman identified the location of SpaceX's high-level executives and the locations of SpaceX's Vice Presidents and Directors not located in California to correct Plaintiffs' misleading briefing and notably distinguished Juncosa from the other vice presidents. Gallman Decl. (ECF 37-2) at

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 50062046.17

6

JOINT REPORT
2:24-CV-06972-JAK-RAO

¶¶9-18. Accordingly, Plaintiffs' assertion that Judge Snyder failed to consider critical facts regarding Mr. Juncosa's role compared to the vice presidents in Hawthorne is disproven by the actual evidence in the record that Judge Synder reviewed and considered before ruling.  *See also* McCorkle Decl.  Moreover, here there is no complex web of franchises to be untangled like in *Pae v. Fox Restaurant Concepts, LLC*. 16-cv-6965 DSF, at ECF 22 (Nov. 10, 2016), or exigent circumstances like the fast-approaching remand hearing in *Colmenares v. Paedae, Inc*. *See* 21-5221-DMG, at ECF 26 (Aug. 11, 2021).  And Plaintiffs' suggestion that discovery is needed to evaluate whether Starship is SpaceX's most important program is without merit, because both Gallman and McCorkle's Declaration described in detail to Judge Snyder why that is the case, which Plaintiffs' position ignores.  *See* McCorkle Decl. (ECF 37-1)*; see also* Gallman Decl. (ECF 37-2).

      Permitting jurisdictional discovery at this stage is not warranted because it necessarily requires the Court to find that Judge Snyder's determination that SpaceX submitted sufficient evidence is wrong, which would be directly inconsistent with the record before this Court.  Plaintiffs' admission that they decided to seek reconsideration only after learning that the case was being reassigned to another judge only weighs further against revisiting the issues that Judge Snyder already fully and finally resolved in her sound and well-reasoned order, including as to the issue of jurisdictional discovery. In submitting this report, SpaceX does not waive these objections.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

7

JOINT REPORT
2:24-CV-06972-JAK-RAO

\* \* \*

To the extent jurisdictional discovery is permitted over SpaceX's objections and Judge Snyder's findings, SpaceX respectfully maintains that it must be narrowly tailored to the only disputed question—from where did SpaceX's executive officers direct, control, and coordinate SpaceX's relevant operations during the relevant time period.

The time and scope of any potential discovery must be narrowly tailored. Given SpaceX's myriad of legitimate concerns—including the apex nature of the individuals on whom Plaintiffs' inquiry focuses, confidentiality, national security, SpaceX's pending Motion to Compel Arbitration, and relevance—precluding or at minimum limiting discovery is necessary to avoid undue burden and/or prejudice to SpaceX, and to prevent both an improper fishing expedition and Plaintiffs' attempt to circumvent their arbitration agreements with SpaceX by seeking to conduct discovery in this forum that is precluded by those agreements.

As to Plaintiffs' belated request to conduct irrelevant discovery into the relative importance of Starship and other SpaceX programs when Plaintiffs did not contest that executives (including Vice President of Legal and Regulator Sheila McCorkle whose declaration Judge Snyder deemed credible) relocated to Starbase where Starship operations are located, this request should be denied as an improper fishing expedition that will not impact the outcome of Judge Snyder's correct determination and findings. Particularly because Judge Snyder overruled similar

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

8

JOINT REPORT
2:24-CV-06972-JAK-RAO

arguments raised in Plaintiffs' objections to SpaceX's evidence. *See* Dkt. 76, at 2, n.1.

Indeed, Judge Snyder's analysis pairs every reference to Starship Vice President Mark Juncosa with either Musk, Shotwell, or both. *See* Dkt 76 at 13-14. And even if the Court disregarded the evidence regarding Juncosa, Judge Snyder's opinion favors finding for SpaceX because Juncosa is relevant only to one of the four *Peich* factors—the location of other executives. *See id.* Two of the other three factors—the CEO's work location and the location of high-level decision making—point toward Starbase as SpaceX's principal place of business. *See id.* Accordingly, further discovery regarding the relative significance of Starship or Juncosa is unwarranted.

Moreover, the relative importance of SpaceX's programs is not defined by the criteria that Plaintiffs propose. SpaceX is an innovation company, and its core mission is to make life interplanetary. Scientific advancement does not derive merely from revenue or employee headcount but from the efforts of entrepreneurs and high achievers. For SpaceX, its greatest efforts are with Starship, which is "the core enabler for transforming humanity's ability to send large amounts of payload to orbit and beyond." *See To Make Life Interplanetary*, SpaceX (Apr. 6, 2024), https://www.spacex.com/updates/#make-life-multiplanetary. Contrary to Plaintiffs' misplaced position, SpaceX's evidence on file with the Court makes these same points. *See* McCorkle Decl. (ECF 37-1) ¶¶ 11, 13, 16.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

9

JOINT REPORT
2:24-CV-06972-JAK-RAO

## II. Type and Number of Discovery Requests

The parties agree that, if jurisdictional discovery is permitted, written discovery in the form of interrogatories and requests for production of documents would be appropriate. The parties disagree as to the number of requests and whether a deposition is warranted.

Plaintiffs' Proposal

At the hearing on February 3, Plaintiffs requested leave to propound up to ten interrogatories and ten requests for production, as well as a take a single deposition of the person who verifies the responses to Plaintiffs' interrogatories. Counsel for SpaceX suggested that discovery should be limited to no more than ten total written requests. Plaintiffs agree that ten written discovery requests will be sufficient here, and maintain their request to take a single deposition of the person who verifies the responses to Plaintiffs' interrogatories. This is in line with the jurisdictional discovery granted in similar cases. *See, e.g., Colmenares v. Paedae, Inc.*, 21-5221-DMG, 2021 WL 4934976, *4 (C.D. Cal. Aug. 13, 2021) (granting leave to propound 25 interrogatories and 25 requests for production, and take three depositions of defendant's employees); *Boisvert v. CarbonIQ, Inc.*, 22-cv-03303-FLA, 2022 WL 20401314, *3 (C.D. Cal. Aug. 1, 2022) (granting leave to propound ten interrogatories and ten requests for production, and take one 30(b)(6) deposition); *Pae v. Fox Restaurant Concepts, LLC*, 16-cv-6965 DSF, at ECF 22

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
DB2/ 50062046.17
10
JOINT REPORT
2:24-CV-06972-JAK-RAO

(Nov. 10, 2016) (placing no limitations on jurisdictional discovery other than that it be completed in 90 days).

In this litigation, SpaceX has never identified any specific concerns it has regarding confidentiality, security, and undue burden, and unfortunately did not raise this issue in any of the parties' conference calls (or, indeed, until the eleventh hour before this filing was due) so that the parties could discuss it meaningfully. Plaintiffs are prepared to enter into a protective order that appropriately addresses legitimate confidentiality and security concerns.

SpaceX's Response

Jurisdictional discovery, if any, should be limited and narrow in nature. Although SpaceX can imagine no reason why Plaintiffs could possibly require ten discovery requests for one narrow issue, the bottom line is that Plaintiffs have made no legitimate showing as to why this volume of requests is reasonable, proportionate, necessary, and relevant, much less have they addressed SpaceX's concerns about confidentiality, security, and undue burden. Plaintiffs' mischaracterization that these concerns were improperly raised is disingenuous because the parties have discussed these issues repeatedly in this and other fora. Plaintiffs' belated offer of a protective order is little assurance given the impasse resulting from the parties' past attempts to negotiate an agreed protective order.

Moreover, Plaintiffs' eleventh-hour surprise disclosure that they now seek discovery on *all* of SpaceX's programs and highly confidential revenue metrics,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

11

JOINT REPORT
2:24-CV-06972-JAK-RAO

among other overreaching requests, highlights precisely why they should be precluded from conducting such discovery and bolsters the basis for SpaceX's concerns.  Instead, of focusing on the narrow issue of the location from where the highest-level executives of SpaceX directed its operations, Plaintiffs have now moved far afield from what is relevant further showcasing the unwarranted fishing expedition they seek to conduct in contravention of the arbitration agreements they signed with SpaceX.

Upon further reflection of Plaintiffs' discovery requests after conferral and now knowing the actual scope of discovery they seek to conduct, SpaceX maintains that 10 total discovery requests are too many, and at most five (5) total requests should be sufficient to capture what is relevant to this narrow issue if discovery is even permitted.

Not only should the number of discovery requests be small, but importantly the requests themselves should be targeted to ensure the specific information sought is directly relevant and not cumulative, objectionable, or unduly burdensome. Broad jurisdictional discovery is inconsistent with the Supreme Court's goal of simplifying jurisdictional administration. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("[A]dministrative simplicity is a major virtue in a jurisdictional statute. Complex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims.").  Accordingly, consistent with the Supreme Court's mandate,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

12

JOINT REPORT
2:24-CV-06972-JAK-RAO

jurisdictional discovery should not be permitted at this stage of the case and to the extent it is, such discovery should be narrowly limited in time, scope and volume.

Further, depositions should not be allowed because no good cause has been established by Plaintiffs to warrant proceeding with depositions and SpaceX has a motion to compel arbitration pending before the Court.

**III.    Time Needed to Complete Discovery**

Plaintiffs' Proposal

Plaintiffs agree to a 30 day response date for written discovery and request that document production also be received within 30 days. In light of the fact that Plaintiffs have already communicated to SpaceX what information they are seeking, SpaceX has a significant head start on investigating what documents exist and should be able to produce them within this time frame. Plaintiffs propose that within 30 days of receiving SpaceX's discovery they will take the sole deposition that they are seeking leave to take.

SpaceX's Response

SpaceX maintains jurisdictional discovery is not warranted at all, particularly given the irrelevant, unduly burdensome, and overreaching requests that Plaintiffs have now disclosed they intend to seek.  Without knowing the full scope and all the actual discovery requests Plaintiffs seek to propound, SpaceX is uncertain as to the amount of time such requests would require to respond to and reserves all rights to object to the scope, nature, and deficiencies of any such requests. If limited

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

13

JOINT REPORT
2:24-CV-06972-JAK-RAO

jurisdictional discovery is permitted, however, which SpaceX respectfully requests the Court to deny, SpaceX proposes at minimum a response time consistent with the Federal Rules of Civil Procedure—30 days from the date of service—and entry of an agreeable protective order. *See* Fed. R. Civ. P. 26(c), 33(b)(2), 34(b)(2)(A).

Dated: February 10, 2024         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By  */s/ Anne B. Shaver*
Anne B. Shaver
Attorney for Plaintiffs

BURGESS LAW OFFICES, P.C.

*/s/ Laurie M. Burgess*
Laurie M. Burgess
Attorney for Plaintiffs

Dated: February 10, 2024         MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Jennifer B. Zargarof*
Jennifer B. Zargarof
Karen Y. Cho
Matthew A. Harper
Attorneys for Defendant
DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 50062046.17

14

JOINT REPORT
2:24-CV-06972-JAK-RAO